HARDY, Judge.
This is a compensation claim for total permanent disability and defendant has appealed from judgment in favor of plaintiff awarding compensation for a period not exceeding 400 weeks, subject to a credit of seventy weeks compensation paid by defendant. Plaintiff has answered the appeal, praying for the allowance of statutory penalties and attorney’s fees.
Plaintiff is a registered nurse who sustained a back injury while attempting to lift a suction pump which she found necessary for emergency use. The accident occurred on January 1, 1962, at which time plaintiff was employed by Schumpert Memorial Hospital in Shreveport. Following the accident plaintiff was treated in the emergency room of the hospital and was confined to her home for a period of about a week after which she returned to work as a relief nurse. The back condition worsened to such extent that plaintiff was unable to continue work and on or about February 24, 1962, she consulted an orthopedic surgeon, was hospitalized for a brief period, treated by physiotherapy, and, finding herself unable to work, went to live with relatives in Ruston. Pain and disability finally reached a stage which prevented plaintiff from any substantial physical activity, whereupon she consulted a physician in Ruston, was returned to Shreveport for X-ray examinations, and on April 5, 1962, a hemilaminectomy was performed by Dr. Heinz K. Faludi of Shreveport, who removed extruded disc material in the lumbar area between L-3 and L-4. The surgeon found a serious protrusion of a ruptured intervertebral disc which had compressed the dural sac and the L-4 nerve root, necessitating the removal of a portion of laminae. The pain from which plaintiff had been suffering was substantially relieved by the operation, she was discharged from the hospital on April 13, *867 1962, and on or about November 1st, in the opinion of the operatiAg surgeon, she had evidenced sufficient recovery to permit her return to light work, and, specifically, was given permission to work as an office nurse with advice that she avoid lifting any heavy objects. Plaintiff eventually returned to work in a limited capacity as a supervisor and medications nurse in the Doctors Hospital in Houston. After intermittent periods of work over a period of a few weeks, plaintiff underwent surgery for the correction of a foot condition, which, admittedly, is unrelated to her back injury. Returning to work about July 22, 1963, plaintiff found, after a few hours, that she was suffering pain to such extent that she was unable to continue her activities, and since that time she has not been able to work.
Although plaintiff’s employer knew of the occurrence of the accident at the time thereof, no report was made to its insurer, the defendant in this case, until about the middle of the month of April, 1962. On May 1st, plaintiff employed counsel to represent her in connection with her compensation claim, and on May 8th this defendant made payment to plaintiff of ten weeks compensation, beginning February 24, 1962. Compensation was later paid up to date of June 28, 1963, representing payment for a total period of seventy weeks, upon which date it was discontinued, and this suit was filed July 30, 1963.
In the year 1948, plaintiff was subjected to an operation, in the course of which two ruptured discs were removed and a fusion of the vertebrae performed. Following this operation plaintiff returned to limited duty with the hospital by which she was then employed.
The issues presented by this appeal require a determination as to the effect of the accident of January 1, 1962, and a resolution of plaintiff’s claim to penalties and attorney’s fees.
It is clear that plaintiff had suffered back weaknesses long prior to the date of the accident which is here involved, and, unquestionably, the operation in 1948 had resulted in an exaggeration of this condition. However, the record supports plaintiff’s contention that from the time of her return to work after the operation of 1948 she engaged in the performance of the duties of her profession, limited only by the restriction against heavy lifting, until the date of the accident which is the basis of this suit.
In our opinion a brief narrative of the circumstances related to the occurrence of the accident of January 1, 1962, is of some material importance in the consideration of the issues presented. The nature of plaintiff’s employment by the Schumpert Hospital was in the capacity of a head nurse or floor nurse. On the date in question, while plaintiff was so employed and was making her duty rounds, she was confronted with an emergency. A child patient who had undergone a tracheotomy was brought to her floor with evidences of a cyanotic condition caused by an occlusion initiated by a cough. Mrs. Woodard rang for help, failing which she ordered a suction pump which was brought to her floor on a dumb waiter. As she attempted to lift the suction pump she sustained the damage to her back which immediately caused severe pain. Notwithstanding her serious physical distress, plaintiff continued with her duties, procured the assistance of a visitor to the hospital in bringing the pump to the patient’s room, where she succeeded in removing the mucus which had caused the occlusion, and, by such action, apparently saved the child’s life.
The above incident is narrated not only for the purpose of explaining the circumstances of the accident itself, but further to illustrate the emergency situations with which any nurse, even one supposedly performing light duty, may be confronted, and to which she is expected to respond regardless of consequences.
Conceding the weakness of plaintiff’s back prior to the occurrence of the accident, and recognizing the fact that she was some *868 what restricted in the performance of all the duties that are required of an able-bodied professional nurse, it is, nonetheless, evident that the effect of the accident of January 1st resulted in total and permanent disability. The existing weakness was exaggerated to such a degree that plaintiff could no longer be expected to satisfactorily perform, to any substantial extent, the duties of a registered nurse. The reports and testimony of Dr. Faludi sustained this conclusion, which was corroborated by the testimony of Dr. Philip Bonn, despite the expression in his reports of the opinion that plaintiff could return to full time nursing activity. The record is convincing on the point that, following the accident and after the back operation in April, 1962, plaintiff’s efforts to work, even in the performance of so-called light duties, were attended with pain and she was finally forced to discontinue her efforts to practice her profession in any substantial degree.
We think our jurisprudence is well established on the point that an injured employee, unable to resume and continue work except at the cost of pain and suffering, is regarded as disabled within the contemplation of the compensation statute. The question of the extent of an employee’s disability is one to be resolved by the court through consideration of the nature of his duties and his ability to perform a substantial portion of such duties; Anderson v. Continental Can Co. (La.App., 2nd Cir., 1962), 141 So.2d 48. It has been properly held that an employee who suffers a weakened back, causing inability to perform the duties of his former employment without substantial pain or without the danger of a more serious injury, is considered as having been totally and permanently disabled; Federick v. National Surety Corporation (La.App., 3rd Cir., 1963), 149 So.2d 436.
The principle has been slated with admirable clarity and brevity by our brethren in the Third Circuit as follows:
“ * * * an accidental aggravation at work of a less disabling into a more disabling condition is compensable as total disability * * Rials v. Hartford Accident & Indemnity Co. (La.App., 3rd Cir., 1961), 127 So.2d 579, and cases therein cited.
The same conclusion was reached in Mitchell v. Travelers Insurance Company (La.App., 3rd Cir., 1962, writs denied), 136 So.2d 143. Both the Rials and Mitchell cases involved back injuries somewhat similar in nature to the injury under consideration in the instant case.
Counsel for defendant contends that a partially disabled employee who is restored to substantially the same physical condition as that which existed prior to the accident is not entitled to compensation benefits. We have no quarrel with this principle but we do not think it is applicable under the facts of the instant case. It is true that this plaintiff suffered from a preexisting back weakness which was aggravated by the accident of January 1st, but the conclusion is inescapable that whereas she was not totally disabled from the performance of the usual and customary duties of a registered nurse prior to the accident, she was unable to perform any substantial part of such professional duties without pain and distress after attaining maximum recovery from the injury caused by the accident.
We do not feel that the infliction of the statutory penalties and attorney’s fees is justified under the facts of the instant case. Defendant was not notified of the occurrence of the accident for a period of several months; shortly thereafter it made payment of compensation for a limited period and later supplemented this by payment of compensation for an additional period of time. The record does not establish any capricious or arbitrary action in connection with the final termination of compensation. The medical experts were not in agreement as to the extent, duration *869 and effect of plaintiff’s injuries, and plaintiff’s claim was susceptible to valid and genuine opposition.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.