YARRUT, Judge.
This is an appeal by Plaintiff from the judgment of the district court awarding workmen’s compensation for the maximum $35.00 per week, not to exceed 400 weeks, but denying him statutory penalties and attorney’s fees under LSA-R.S. 22:658. There is no factual dispute, as all pertinent facts have been stipulated to the following effect:
Plaintiff was injured on August 6, 1964 when he suffered a heart attack while employed as a laborer by Defendant, Raymond. Upon being notified of the heart attack and that Plaintiff was taken to the hospital, Raymond promptly notified Plaintiff’s wife and met her at the hospital.
The first written notice by Plaintiff or his attorneys to Defendant insurer, for benefits under the Louisiana Workmen’s Compensation Act, was by letter dated November 24, 1964, received by Defendant insurer on November 25, 1964; and the first written medical evidence furnished Defendant insurer regarding Plaintiff’s injury was received by Defendant insurer on December 17, 1964, on which date Defendant insurer paid all compensation, medical, etc. due, and has not since failed therein; which was well within 60 days of the first notice actually given Defendant insurer.
Plaintiff invokes LSA-R.S. 23:1162(C) in urging his claim for penalties and at *653 torney’s fees against Defendant insurer contending that, under the cited statutes, the knowledge of the employer that Plaintiff was injured on August 6, 1964 with resulting disability, was knowledge imputed to Defendant insurer; and that, since more than 60 days elapsed from the time Defendant insurer obtained such imputed knowledge, and the time the first compensation benefits were paid by it, Defendant insurer must be held to have acted arbitrarily, capriciously and without reasonable cause, within the meaning of LSA-R.S. 22:658, and should be assessed with penalties and attorney’s fees fixed therein.
The pertinent portion of LSA-R.S. 22 :658, the penalty provision of the Louisiana Insurance Code, reads:
“All insurers * * * shall pay the amount of any claim due any insured including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950 within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest. Failure to make stich payment within sixty days after receipt of such proofs and demand therefor, zvhen such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty * * * »
LSA-R.S. 23:1162(C) provides:
“All policies insuring the payment of compensation must contain a clause to the effect that as between the employee and the insurer, the notice of the insured or the knowledge of the occurrence of the injury on the part of the insured, shall be deemed to be notice or knowledge on the part of the insurer, as the case may be.”
LSA-R.S. 23:1162(C) is part of the Louisiana Workmen’s Compensation Law regulating employer-employee obligations, and imputes notice to the employer as notice to the insurer of the happening of an employment accident merely to fix when compensation payments should begin, without any reference to assessment of damages for default in payment.
LSA-R.S. 22:658 is part of Louisiana’s Insurance Code regulating the duties and obligations of insurers, and imposes a penalty against the insurer only for failure to make payment of workmen’s compensation within 60 days after receipt of satisfactory proof-of-loss, when such failure is found to be arbitrary, capricious or without probable cause.
The statute imposing penalties against the insurer is penal and subject to strict construction, and only an insurer who fails to make payment within 60 days of written proof-of-loss is subject to the penalties under LSA-R.S. 22:658. Nichols Motor Co. v. Iowa Mut. Ins. Co., 232 La. 856, 95 So.2d 338; Wright v. National Surety Corp., 221 La. 486, 59 So.2d 695; Steadman v. Pearl Assur. Co., La.App., 167 So.2d 527.
In Woodard v. Hartford Accident Indemnity Co., La.App.2d Cir. 1964, 168 So.2d 865 (writ denied, 247 La. 256, 170 So.2d 511), it was held:
“We do not feel that the infliction of the statutory penalties and attorney’s fees is justified under the facts of the instant case. Defendant was not notified of the occurrence of the accident for a period of several months; shortly thereafter it made payment of compensation for a limited period and later supplemented this by payment of compensation for an additional period of time. The record does not establish any capricious or arbitrary action in connection with the final termination of compensation.” 168 So.2d 865, 868.
LSA-R.S. 22:658 and 23:1162 are laws in pari materia and must be construed with reference to each other; what is clear in one statute may be called to aid and explain what may be doubtful in another. LSA-C.C. art. 17; Downs v. Pharis, La. *654 App., 122 So.2d 862; Mendel v. Gennaro, La.App., 154 So.2d 531 (writ denied, 244 La. 968, 155 So.2d 199).
We must hold squarely that, under the statutes cited above, an insurer does not become liable for penalties and attorney’s fees under LSA — R.S. 22:658 unless it fails to pay compensation within 60 days after receipt of written proof-of-loss, required by LSA — R.S. 22:658. Imputed knowledge under LSA — R.S. 23:1162(C) should not subject insurer to the penalties imposed under LSA-R.S. 22:658, as failure to make payment in such case cannot be “arbitrary, capricious, or without probable cause.”
An insurer cannot be arbitrary and capricious for failing to perform a legal obligation until it has been notified, in the manner fixed by law, that such an obligation has factually been created.
The judgment of the district court is affirmed.
Judgment affirmed.