193 So.2d 882 (1967)
Henry MOORE, Plaintiff-Appellant,
v.
ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Defendant-Appellee.
No. 1881.
Court of Appeal of Louisiana, Third Circuit.
January 11, 1967.
Rehearing Denied February 1, 1967.
*883 Bass & Lawes, by Eugene H. Lawes, and Henry Yelverton, Lake Charles, for plaintiff-appellant.
Hall, Raggio & Farrar, by Richard B. Cappel, Lake Charles, for defendant-appellee.
*884 Before FRUGÉ, SAVOY and CULPEPPER, JJ.
FRUGÉ, Judge.
The plaintiff, Henry Moore, suffered a straining injury to the neck when he fell from the back of a horse while herding cattle on the ranch of J. Austin Davis, the defendant's insured. The defendant insurer, after some delay, paid the plaintiff compensation benefits for a period of approximately four months. The plaintiff brought suit in the district court seeking an award of total and permanent disability and penalties and attorney's fees allegedly due because of the defendant's delay in making the initial compensation payment.
The record establishes that at the time of the accident the plaintiff was suffering from an arthritic condition in the cervical region of the spine, later diagnosed as marked hypertrophic degenerative arthritic changes of the vertebrae with narrowing of the interspaces and some encroachment on the nerve root foramina. The plaintiff contends that he is unable to resume his former employment as a ranch hand because of pain caused by the injury or aggravation of the pre-existing arthritic condition. The defendant, on the other hand, avers that there was either no aggravation of the plaintiff's pre-existing spinal condition or, if there was additional injury, the plaintiff had recovered therefrom within a short period of time after the accident.
The record reveals that the plaintiff was examined after the accident by a total of seven physicians. In his written reasons for judgment, our learned brother below covered in a detailed outline the testimony of each physician, but, because we feel that no useful purpose would be served by a lengthy discussion of the medical evidence, we resist the urge to incorporate his excellent discussion into this opinion. Suffice it to say that of the seven physicians who treated the plaintiff, two general practitioners, an orthopedist and a neurosurgeon concluded that there was either no aggravation of the plaintiff's pre-existing arthritic condition or that, if there was aggravation, it had subsided to a point where the plaintiff could return to his normal duties of employment. Two doctors, a general practitioner who first examined the plaintiff over a year after the accident occurred but who has continued to treat him since, and an orthopedist who examined the plaintiff only once, expressed the opinion that the plaintiff was at the present time disabled and that such disability was perhaps the result of the accident. Dr. Hatchette, the orthopedist, based his opinion of disability on what he believed to be a marked limitation of motion of the plaintiff's head and neck. However, two neurosurgeons who examined the plaintiff subsequently found only slight restriction of motion in that area. The seventh physician, one of the aforementioned neurosurgeons, declined to express an opinion as to the plaintiff's present disability because his examination was made without the benefit of X-rays or a myelogram. Based on a simple physical examination, however, the doctor testified that while there was nothing to contradict the plaintiff's complaints of pain, neither was there any objective finding to substantiate them.
Following established jurisprudential rules on the interpretation of medical evidence, the trial judge held that the testimony of the two general practitioners who treated the plaintiff for a period of time immediately following the accident, bolstered by the negative opinions of two specialists, established that the plaintiff was not disabled within the meaning of our Workmen's Compensation Act at the time when the defendant discontinued compensation payments, and under the well-settled rule that the plaintiff in a workmen's compensation case must prove his claim with legal certainty by a preponderance of the evidence, we are of the opinion that the ruling of our brother below on the issue of disability is correct and should remain undisturbed.
*885 We feel, as did the trial judge, that no real conflict of medical evidence exists in this record which would justify a reliance upon lay testimony, but in the present situation even a resort to such testimony would not support a finding of total and permanent disability of the plaintiff.
On appeal the plaintiff asks that this court award penalties and attorney's fees for the arbitrary refusal of the defendant to commence compensation payments. In this connection R.S. 22:658 provides in pertinent part:
"All insurers * * * shall pay the amount of any claim due any insured including any employee * * * within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of 12% damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney's fees for the prosecution and collection of such loss * * *"
The record before us establishes that plaintiff suffered a compensable injury on June 24, 1964, and that by July 1, 1964, the defendant had notice of the accident and had begun its investigation. In the following three week period the insurance adjuster, according to his own testimony, had spoken to the attending physician, Dr. Clark, and had been informed that the plaintiff was disabled. In addition, the adjuster, according to the testimony of the plaintiff, had assured the plaintiff that his compensation benefits would be shortly forthcoming. By the first week in September the defendant issued a draft representing compensation payments to the plaintiff, which they retained in their files. On October 7, plaintiff employed an attorney who wrote to the company demanding that compensation be paid. On October 13 the defendant acknowledged the letter of the plaintiff's attorney and forwarded a copy of Dr. Clark's report, which gave the plaintiff disability through August 15, 1964. The compensation payment which accompanied the letter covered a period through August 5, 1964, although the medical report of Dr. Clark gave the plaintiff disability beyond that date. In addition, a clerical error was made in computing the rate of compensation and the payment was made at a rate of $19.05 instead of $19.50, although there was no dispute as to the amount of plaintiff's wages.
In resisting the demand for penalties and attorney's fees, the defendant argues that under the quoted statute the employee must submit written proof of loss to the insurer. See Soulier v. Raymond, 177 So.2d 651 (La.App. 4th Cir. 1965). But as we appreciate the jurisprudence of this state, including the Soulier case, no proof of loss in writing is required by R.S. 22:658. Wilkins v. Allstate Insurance Company, 173 So.2d 199 (La.App. 1st Cir. 1965). All that is necessary is that the employee submit satisfactory proof of his right to come under the compensation statute, the accident, his injury and resulting disability which, expressed differently, might be termed loss of ability to perform the same or similar work in which he was engaged at the time of his accident and injury. Daigle v. Great American Indemnity Company, 70 So.2d 697, 702 (La.App. 1st Cir. 1954). In our opinion, the refusal of the defendant to begin the plaintiff's compensation payments for a period exceeding sixty days could not be justified by the fact that they had received no written medical report, when in fact the defendant's adjuster had been informed of the plaintiff's disability by the attending physician. The pattern of defendant's actions reflected by this record leads us to conclude that the defendant's delay in forwarding to *886 the plaintiff the compensation payments admittedly due him was arbitrary and without probable cause within the meaning of R.S. 22:658.
However, under the clear language of R.S. 22:658, no penalties or attorney's fees may be assessed against the insurer unless the workmen's compensation benefits are arbitrarily withheld for sixty days after demand. This demand, unless the insurer waives it by resisting all liability, may be either written or oral so long as it be shown to have fully informed and apprised the insurer of the employee's intention to press for or demand payment of the claim submitted. Wilkins v. Allstate Insurance Company, supra; Redding v. Cade, 158 So.2d 880 (La.App. 3rd Cir.); Stagg v. New Amsterdam Casualty Company, 166 So.2d 82 (La.App. 3rd Cir. 1964).
In the present instance, the record is devoid of any indication of a demand for payment upon the insurer until October 7, 1964, at which time the plaintiff's attorney wrote a letter to the defendant requesting the compensation payments be initiated. Since the defendant complied with the attorney's request almost immediately, we agree with the trial judge's holding that the strict statutory requirements imposed by R.S. 22:658 were not fulfilled in this instance. In addition, we are in accord with the trial judge's ruling that the error committed by the defendant in paying the plaintiff compensation at a rate of $19.05 instead of $19.50 per week does not, standing alone, justify the imposition of the penalties contained in this statute.
For the foregoing reasons, the judgment of the district court is affirmed at appellant's cost.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.