McCALEB, Justice.
 

 Plaintiff, a ranch hand, brought this suit against his employer’s insurer for workmen’s compensation, alleging that he is permanently totally disabled as the result of an injury to the cervical region incurred when he fell from a horse on June 24, 1964 while herding cattle for his employer, J. Austin Davis, at Ragley, Louisiana. Recovery of compensation benefits of $19.50 per week is sought for 400 weeks, less compensation already paid for 18 weeks at $19.05 weekly, plus medical expenses, etc. In addition, plaintiff prayed for recovery of a 12% penalty “ * * * on all compensation payments due at the time the judgment is paid, and for plaintiff’s reasonable attorney’s fees in the amount of $2,500 * * * ”.
 

 Defendant admitted the accident and its liability for workmen’s compensation, but denied that plaintiff had sustained permanent disability. It averred that the payments it had made of $19.05 per week through November 1, 1964 are more than plaintiff was entitled to receive. It also denied liability for the claimed penalty and prayed that plaintiff’s demands be rejected.
 

 After a trial, the district judge dismissed plaintiff’s suit, holding in a well-reasoned opinion that plaintiff had failed to estab
 
 *206
 
 lish disability after he was discharged by; his doctor on November 1, 1964 as being able to resume his occupation. Although plaintiff had not claimed in his petition that he was entitled to statutory penalties and attorney’s fees under R.S. 22:658 for the insurer’s delay in payment of the weekly compensation due during the 18 weeks of his disability, the judge considered this matter as one of the issues and, in written reasons for judgment, he commented on these payments as follows:
 

 “The plaintiff was paid workmen’s compensation benefits from the date of the accident through November 1, 1964. However, the weekly benefits were not paid promptly and regularly when due, and the amount of the first draft covering the six weeks period from June 25, 1964, to August 5, 1964, was erroneously computed at the rate of $19.05 per week rather than the correct amount of $19.50. The defendant’s counsel tendered a check for $8.30 at the trial to cover the deficiency (his computation of such sum having been made on the erroneous assumption that the weekly benefits for the entire period of disability had been paid at the rate of $19.05 per week).
 

 The delay in commencement of payment of compensation was occasioned by the insurer’s difficulty in obtaining a written medical report. However, the first draft was mailed immediately upon obtaining such report from the attending physician and receipt of demand from the plaintiff’s attorney. The slight deficiency in amount thereof obviously resulted from a clerical error in transposition of figures — i. e., $19.05 instead of the correct rate of $19.50. It was not shown that the plaintiff or anyone acting in his behalf made any effort to furnish the defendant proof of his disability or to advise it of the incorrect computation of the first draft for workmen’s compensation benefits before suit was filed. Under the circumstances, the court concludes that the insurer’s actions in this respect did not constitute an arbitrary or capricious failure to pay the compensation within sixty days ‘after receipt of satisfactory proofs of loss from the insured, employee or any party in interest * * * and demand therefor,’ within the meaning of R.S. 22:658. Soulier v. Raymond [La.App.], 177 So.2d 651; and Broussard v. Dumas Chevrolet Company, [La.App.], 135 So.2d 614.”
 

 Plaintiff appealed from the adverse decision to the Court of Appeal, Third Circuit, where the judgment was affirmed. See Moore v. St. Paul Fire and Marine Insurance Co., La.App., 193 So.2d 882. Plaintiff then applied for certiorari. The application was granted limited, however, to defendant’s liability for penalities and attorney’s fees. The matter has been argued on this restricted issue, and the case submitted for our decision.
 

 
 *208
 
 At the outset we feel impelled to note that the question presented for our consideration was never made an issue in plaintiff’s petition, as he simply declared that defendant “arbitrarily, capriciously and without reasonable cause discontinued the payment of compensation benefits to him” and demanded only penalties and attorney’s fees on all compensation payments “due at the time the judgment is paid.” As all compensation had been paid for 18 weeks, except for the clerical error in transposition of figures ($19.05 instead of $19.50), for a portion ,of the 18 weeks that compensation was due, the petition did not assert, as plaintiff has since asserted, that defendant acted arbitrarily and capriciously in failing to make timely payment of weekly compensation benefits from the date of the accident to November 1, 1964 when disability ceased. Nevertheless, in view of the provisions of Art. 862, Code of Civil Procedure,
 
 [1]
 
 and the fact that the opposing parties and the lower courts have treated the timeliness and the amount of the weekly payments to be at issue, we proceed to a determination of the limited question presented.
 
 [2]
 

 The trial judge was of the opinion that the insurer did not act arbitrarily in withholding weekly compensation payments on their due date, as it was waiting for the treating physician’s written report in order to determine the length and the nature of plaintiff’s disability. The Court of Appeal disagreed with this holding. It concluded that it was arbitrary for the insurance company to withhold the weekly payments because its adjuster was informed verbally by the doctor during July of 1964 that plaintiff was disabled at that time.
 

 The accident happened on June 24, 1964; and Mr. Robert L. Comeaux, an adjuster for the defendant company, began an investigation on July 1, 1964. Prior to July 23, 1964, the adjuster had communicated with Dr. Cecil W. Clark, the treating physician, and confirmed the disability. He then assured plaintiff that weekly compensation would be forthcoming as soon as Dr. Clark would furnish a medical report stating the probable length of the disability. On September 11 or 12, 1964 a draft was drawn by defendant for the weekly payments due through August 5, but this draft was with
 
 *210
 
 held by the adjuster as he had not yet received Dr. Clark’s report. On October 7, 1964 plaintiff employed an attorney, who wrote to plaintiff’s employer, making formal demand for payment of compensation; and, on October 13, defendant paid compensation due through August 5 in the amount of $19.05 a week instead of $19.50 a week, the correct amount.
 

 On October 8 Dr. Clark furnished defendant with his written report, and on October 15 Dr. Stephen E. Carter, who was then treating plaintiff, sent defendant a written report stating that plaintiff would be able to resume his regular work in about two weeks. Based on these reports, defendant paid plaintiff, on October 29, 1964, compensation at $19.50 per week until November 1, 1964. This was the last payment for compensation during 18 weeks which, according to the final judgment in this case, was the length of plaintiff’s disability. Suit was not filed until August 25, 1965.
 

 Both the district court and the Court of Appeal found that plaintiff was not entitled to recover penalties and attorney’s fees for the tardy payment of compensation because, under the clear language of R.S. 22:658, penalties and attorney’s fees may not be assessed against the insurer unless the compensation benefits are arbitrarily withheld for 60 days after demand.
 

 We need not here determine whether the deduction of the Court of Appeal, that the insurer acted arbitrarily under the facts of this case in withholding payments of weekly compensation until it was furnished with a written report by Dr. Clark, or the opposite view of the district judge is correct. For we are convinced that plaintiff is not entitled to recover penalties and attorney’s fees as defendant paid substantially all compensation due within three weeks following plaintiff’s demand. R.S. 22:658 declares that all insurers shall pay the amount of any claim due any insured “ * * * within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest. Failure to make such payment within sixty days after receipt of such proofs
 
 and demand therefor,
 
 when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty * * As well stated by the Court of Appeal in its opinion, “This demand, unless the insurer waives it by resisting all liability, may be either written or oral so long as it be shown to have fully informed and apprised the insurer of the employee’s intention to press for or demand payment of the claim submitted. * * *.
 

 Counsel for plaintiff contends that the insurer should be held to have waived the statutory requirement of demand for payment, in view of the adjuster’s admission that he knew from his conversations with Dr. Clark that plaintiff was at least temporarily disabled and since he told plaintiff
 
 *212
 
 that compensation payments would he forthcoming. It is argued that waiver of demand may he inferred by the recognition of the insurance company of its liability to pay compensation to the same extent that it is held that demand is waived, see Sbisa v. American Equitable Assur. Co. on rehearing, 202 La. 212, 11 So.2d 533, when the insurer affirmatively denies any liability on the claim. In support of this position, counsel cite 45 C.J.S. Insurance § 982(6) (g), p. 1209; 29A Am.Jur., Insurance, Sec. 1430, p. 539; Malone, Louisiana Workmen’s Compensation, Sec. 389, Pocket Part, p. 222.
 

 We find no merit in this proposition. In the first place, whereas the adjuster knew that plaintiff was temporarily disabled and told plaintiff that weekly compensation payments would be forthcoming, plaintiff admitted under cross-examination that the adjuster “might” have told him that the company would have to receive a written report from the treating physician, showing the nature and extent of the injuries before any payments could be made. Thus, the admission of liability for weekly compensation payments was qualified and whether the reason for delaying payment be regarded as justifiable, as the trial judge found, or arbitrary, as opined by the Court of Appeal, it cannot be considered as a waiver by the insurer of its statutory right to a'dfemand for payment of compensation as a condition precedent to a claim for penalties.
 

 Furthermore, since the statute plainly provides that demand for payment is essential to the imposition of penalties, it would be improper to infer that the insurer had waived its right to a demand for payment (see Steadman v. Pearl Assurance Company, 242 La. 84, 134 So.2d 884), even though it had unconditionally acknowledged its liability for compensation. In other words, an admission of liability for compensation does not negate the necessity for the statutory demand, because such admission does not carry with it a concession of liability for penalties in case payment is not made within sixty days thereafter. An admission of liability for compensation is not on a parity with an absolute denial of liability which was held in Sbisa v. American Equitable Assur. Co., supra, and other cases, to constitute a waiver of demand, for a denial of liability renders a demand for payment useless and the law does not require anyone to do a vain and useless act. But an admission of liability does not render demand vain and useless, provided the compensation payments have not commenced and subsequently arbitrarily been discontinued; non constat, if demand is made the insurer may well elect to pay timely rather than subject itself to the imposition of the penalties provided by law. Indeed, the only legal effect of an admission of liability is that it operates as a
 
 *214
 
 waiver of the requirement of filing notice and proof of loss in cases where such filing is essential. And this is all that the authorities submitted by plaintiff’s counsel stand for. The pertinent text dealing with the necessity of demand for payment as prerequisite to statutory liability of the insurer for penalties, and waiver thereof is discussed in Section 1698, pages 779-781 of 29A American Jurisprudence, Insurance.
 

 For the reasons assigned the judgment of the Court of Appeal is affirmed.
 

 [1]
 

 . It provides: “Except as provided in Article 1703, a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief.”
 

 [2]
 

 . In this
 
 connection, it
 
 is
 
 apt to
 
 observe that, but for the circumstance that the parties and the lower courts have treated the question of penalties for failure of timely payment as properly presented, we would entertain grave doubt, despite the adoption in Article 862 O.O.P. of the liberal Federal Rules 54(e), 8(e) and 15(b), that a State Court is authorized, ex proprio motu, to inflict a civil penalty, which is stricti juris, upon a litigant.