232 So.2d 588 (1970)
Junius ANTOINE, Plaintiff-Appellant,
v.
HOUSTON FIRE AND CASUALTY COMPANY, Defendant-Appellee.
No. 2997.
Court of Appeal of Louisiana, Third Circuit.
March 12, 1970.
*589 Bass & Lawes, by Fred C. Selby, Lake Charles, for plaintiff-appellant.
Plauché, Sanders & Smith, by A. Lane Plauché, Lake Charles, for defendant-appellee.
Before TATE, FRUGE and SAVOY, JJ.
TATE, Judge.
This is a workmen's compensation suit. The plaintiff Antoine was awarded benefits for total disability, but his claim for penalties was rejected. The plaintiff alone appeals.
The sole question raised by this appeal is whether the defendant insurer is liable for 12% penalties and reasonable attorney's fees for the allegedly arbitrary or capricious failure to pay the claim.
This additional recovery is sought under LSA-R.S. 22:658.[1] This statute pertinently provides that an insurer's arbitrary failure to pay claims "within sixty days after * * * demand therefor" shall subject the insurer to 12% damages on the total amount of the loss, together with attorney's fees.
The employee Antoine was injured on October 8, 1968. The employer did not immediately report the accident to his insurer. On January 14, 1969, Antoine's counsel wrote the insurer regarding the claim. Suit was filed on January 21. The defendant filed an answer on February 3, 1969, denying all liability.
However, immediately thereafter, the defendant insurer took a discovery deposition of the plaintiff, and it also obtained medical reports. It thereupon, on February 19, sent a draft for compensation up to date through the plaintiff's counsel. This payment was received on February 21. All subsequent compensation payments were made timely.
*590 For purposes of penalties, the crucial dates are January 14, 1969, when the first demand was made for payment of compensation; and February 21, thirty-eight days later, when the defendant paid all compensation to date.
Thus, well within sixty days after first demand, the insurer paid all compensation to date.
The insurer therefore is not liable for penalties. Under the statute, if the non-payment is arbitrary, a further pre-requisite for such liability is (a) demand, either written or oral, for such payment of past due compensation, Moore v. St. Paul Fire & Marine Insurance Company, 251 La. 201, 203 So.2d 548 and (b) a lapse of more than sixty days after such demand without payment of compensation undoubtedly due, LSA-R.S. 22:658, Stagg v. New Amsterdam Casualty Company, La.App.3d Cir., 166 So.2d 82. The trial court thereof correctly denied penalties.
The plaintiff correctly urges that notice of the accident to the insured constitutes notice to the insurer. See LSA-R.S. 23:1162, subd. C. However, as Moore expressly holds, notice of disability (and even an admission of liability) does not obviate the statutory prerequisite of a demand for payment, which then puts the insurer on notice that it may be liable for penalties upon failure to pay within the sixty days.
The plaintiff also points out that the sixty-day delay between the demand and the suit is deemed waived as a prerequisite for penalties, when, as here, the defendant denies all liability in its answer (for then the demand and delay would be a useless formality). See decisions cited in Stagg.
However, such holdings were made in rejection of contentions that, to recover penalties, an insured claimant must wait sixty days after its demand before filing suit. These decisions only hold that, when an insurer arbitrarily denies liability, a claimant is not barred from penalties simply because he did not wait sixty days before filing a suit to which there is no serious defense. They are not authority for the contention that, despite the statutory limitation of penalties to sums arbitrarily withheld for sixty days or less, an insurer may be subjected to the statutory penalties even though it pays within sixty days of demand.
For the foregoing reasons, we affirm the judgment of the trial court insofar as it rejected the plaintiff's claim for penalties and attorney's fees under LSA-R.S. 22:658. The plaintiff-appellant is assessed with the costs of this appeal.
Affirmed.
NOTES
[1] LSA-R.S. 22:658 provides: "All insurers issuing any type of contract other than those specified in R.S. 22:656 and 22:657 shall pay the amount of any claim due any insured including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950 within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of 12% damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney's fees for the prosecution and collection of such loss * * *." (Italics ours.)