HOOD, Judge.
Tom E. Armstrong instituted this suit for workmen’s compensation benefits, alleging that he is totally and permanently disabled. He also claims medical expenses, penalties and attorney’s fees. The defendants are American Piling of Louisiana, Inc., and its insurer, Travelers Insurance Company. Judgment was rendered by the trial court rejecting plaintiff’s demands for weekly compensation benefits, but condemning defendants to pay to plaintiff $169.40 as medical expenses, the additional sum of $750.00 as attorney’s fees, and all costs of the suit. Defendants have appealed.
Plaintiff has not appealed, and he has not answered the appeal taken by defendants. That part of the trial court’s judg *659 ment which rejects plaintiff’s demands for additional weekly compensation benefits, therefore, has become final.
The issues presented are whether the trial judge erred in condemning defendants to pay attorney’s fees, and whether he erred in assessing court costs to defendants.
Plaintiff sustained a disabling injury on March 28, 1969, while working as a master mechanic for American Piling of Louisiana, Inc. His injury consisted of a bilateral inguinal hernia. He was treated by Dr. Robert O. Emmett, who performed corrective surgery on April IS, 1969. The operation was successful, and plaintiff had a normal recovery. He returned to work on May 26, 1969, and he has no residual disability.
The accident was not reported to defendants until May 14, 1969. Defendant Travelers made an investigation immediately after it was reported, however, and it began paying weekly compensation benefits to plaintiff on May 21, 1969, just one week after the accident was first reported. Defendants continued to pay weekly compensation benefits timely to plaintiff for a total of 13 weeks. As we have already noted, it has been finally determined that plaintiff recovered from his injury by the time the last compensation payment was made to him, and that defendants are not indebted to plaintiff for any additional weekly benefits.
The only medical bill which was presented to or received by defendants prior to the trial was that of Dr. Emmett. A statement of plaintiff’s indebtedness to that doctor was received by Travelers on May 7, 1969, and it was paid in full by that defendant on June 23, 1969. Although the record doesn’t show it, we assume that defendant also paid the hospital bill, since plaintiff makes no claim for that item of expense here.
This suit was instituted on March 2, 1970. Plaintiff’s principal demand is for weekly compensation benefits at the maximum rate for a period not to exceed 500 weeks. He also prays for judgment “for all medical and incidental expenses” up to the maximum of $12,500.00, although he does not itemize those expenses in his petition. The evidence presented at the trial shows that, in addition to the medical expenses which defendants paid prior to the filing of this suit, plaintiff also incurred the following expenses for treatment:
(1) Dr. F. W. Bennerscheidt $50.00
(2) Dr. George M. Anderson 10.00
(3) Medical Billing Company 25.00
(4) Lake Charles Associated Anesthesiologists 54.00
(5) Travel expenses incurred by plaintiff for treatment 30.40
Plaintiff testified that he received bills for the first four items listed, and that he turned those bills over to his attorney. He concedes that he did not at any time present the bills to defendants, and that he did not ask either defendant to pay them. The evidence shows that none of the above listed bills were presented to defendants prior to the filing of this suit, that no demand was made on defendants to pay them, and that defendants did not know that these expenses had been incurred before suit was filed.
On March 23, 1970, three weeks after the suit was filed, defendants for the first time were furnished with bills or statements of the first four items of the above listed medical expenses. Travelers paid all of those bills promptly after receiving them, those payments having been made before the case was tried on June 2, 1970.
The last item listed above is for the travel expenses incurred by plaintiff for medical treatment. No demand for payment of these travel expenses was made on defendants until the date of the trial. The record, of course, does not show whether this last item of expense has been paid, but an insurance claims supervisor for Travelers testified that “we pay anytime we are presented with a claim for travel expenses, so I’ll be happy to pay if its in connection with medical treatment.”
*660 On the basis of this evidence, the trial judge found that defendants were arbitrary and capricious in having failed to pay the above listed medical expenses “within sixty (60) days from notice of the injury,” and that they thus are liable to plaintiff for attorney’s fees. He fixed the attorney’s fees at $750.00.
We do not agree with the trial judge that defendants were arbitrary and capricious in failing to pay these medical expenses sooner. LSA-R.S. 22:658 provides that an insurer shall pay the amount of any claim due an insured within 60 days “after receipt of satisfactory proofs of loss from the insured,” and that the insurer shall be subjected to penalties and attorney’s fees if it fails to make such payment within 60 days “after receipt of such proofs and demand therefore, when such failure is found to be arbitrary, capricious or without probable cause.”
In the instant suit no demand for payment of any of these expenses was made prior to the filing of this suit. The items of expense which are claimed, either by this suit or by presenting bills to defendants three weeks after suit was filed, were paid by defendants promptly after those demands were made. The last item, being the amount claimed for travel expenses, was not demanded until the date of the trial. The evidence indicates that defendants were and have been willing to pay any such expense when requested to do so. We do not feel that the evidence supports a holding that defendants were arbitrary or capricious in failing to pay these medical expenses earlier.
Plaintiff contends, however, that “the workmen’s compensation law never intended that an injured person have the burden of assembling all of the medical bills and presenting them in person, or by some other method, to the insurer for proper payment.” He argues that since Travelers knew that surgery was performed on plaintiff, it should have reasoned that some incidental medical expenses, besides the hospital bill and the surgeon’s fee, must have been incurred. He takes the position that Travelers should have investigated and determined on its own initiative the medical expenses which were incurred, and that it should have paid those bills without waiting for plaintiff to present them. To support that argument he refers us to Roberie v. Ashy Construction Company, Inc., 215 So.2d 857 (La.App. 3 Cir. 1968).
We distinguish the Roberie case. There, the doctor bill, which the insurer failed to pay was presented to defendant at least five months before the suit was filed. In the instant suit, the defendants had no knowledge of the unpaid medical expenses until after the suit was filed.
In Harrell v. Southern Pulpwood Insurance Company, 155 So.2d 281 (La.App. 3rd Cir. 1963), we rejected plaintiff’s demands for penalties and attorney’s fees because the record did not show that a demand was made upon defendants for payment of the hospital bill prior to the filing of the suit, or that defendants were aware of the fact that such an indebtedness existed before the suit was filed.
Similar results were reached in Ike v. Home Indemnity Company, 205 So.2d 203 (La.App. 1 Cir. 1967); Moore v. American Motorist Insurance Company, 216 So.2d 674 (La.App. 3 Cir. 1968); Moore v. St. Paul Fire and Marine Insurance Company, 251 La. 201, 203 So.2d 548 (1967); Eaves v. Louisiana Cypress Lumber Company, 253 La. 741, 219 So.2d 771 (1969); and Antonine v. Houston Fire and Casualty Company, 232 So.2d 588 (La.App. 3 Cir. 1970).
We find that defendants have not been arbitrary or capricious in the payment of medical expenses, and that they are not liable for attorney’s fees.
Although the record shows that most of the medical expenses awarded by the trial court were paid after the suit was filed, defendants,do not object to that part of the judgment which awards plaintiff the *661 amount of these expenses, since the judgment stipulates that it is “subject to any payments of any medical expenses made after suit was filed.”
Defendants complain, however, that the trial court erred in assessing costs of the suit to them. The trial court is vested with some discretion in the awarding of costs. See LSA-C.C.P. art. 1920. Considering the facts and circumstances presented here, we do not find that the court abused its discretion in assessing costs to defendants in this suit.
For the reasons herein set out, the judgment appealed from is amended by deleting that portion of the decree which condemns defendants to pay to plaintiff attorney’s fees in the amount of $750.00. In all other respects, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellee.
Amended and affirmed.