BEER, Judge.
This workmen’s compensation suit arises ■from an accident occasioned to appellant, Bessie A. Byrd, on May 9, 1972. She had been employed for about six weeks at Con-ti Steak House as a kitchen helper and was earning $1.00 an hour. While using a lettuce slicing machine appellant suffered lacerations to her middle and little fingers and partial amputation of the distal phalanx of her ring finger on her right hand. She was taken to Methodist Hospital where Dr. C. Edward Foti completed the amputation of the distal phalanx and treated the lacerations. She remained in the hospital for two days and continued as Dr. Foti’s patient until he discharged her on June 15, 1972.
Subsequently she was examined by Dr. Eugene Dabezies and Dr. Kenneth Vogel.
Although she had some complaints referable to all three injured fingers, appellant’s principal complaint is with respect to the site of the amputation of the distal phalanx of her ring finger. The trial court concluded that the testimony of the three physicians formed a proper basis for considering the injury as one affecting appellant’s entire hand and not related only to the fingers involved. We agree with this conclusion.
Although there was some minor difference of opinion as to the percentage of disability of the hand, the trial court’s finding of six percent disability of the hand as a whole is clearly supported by the evidence and the expert medical testimony.
Separate and distinct from the determination of percentage of disability referable to her hand, plaintiff-appellant urges that she is permanently and totally disabled by reason of the pain which she now experiences in her partially amputated finger when she attempts to perform general restaurant work. In support of this subjective complaint plaintiff testified in her own behalf and also called Mrs. Mary Brown and Mrs. Maggie Shaw who both testified that Bessie Byrd had dropped dishes quite often and had complained about her finger during the short time that they worked with her as a kitchen employee at Maison Blanche department store.
The trial judge who heard and observed the witnesses determined that plaintiff’s evidence in support of her claim for permanent and total disability caused by sensitivity at the amputation site was insufficient and concluded that she had not carried the requisite burden of proof. We believe that the record supports this conclusion. Pain, discomfort and sensitivity are difficult for a court to determine and even more difficult for a court to measure. Trial and appellate judges struggle to reach objective conclusions regarding these subjective contentions. We believe that lay testimony is properly considered (along with medical expert testimony) in attempting to resolve this difficult problem. However, we are unable to make any sort *500 of apportionment between the weight to be accorded lay and expert witnesses, nor can-we conceive of any finite guidelines that can be set out by us to direct the trial court in such matters. In this case the trial judge heard and observed all of the witnesses—lay, medical expert and treating medical—and concluded that the sensitivity plaintiff experienced in her finger (or fingers), did not reach that degree of pain or discomfort which would render her permanently and totally disabled within the provisions of the workmen’s compensation laws of this state. We find no manifest error in that conclusion particularly in view of the appellant’s own testimony regarding her continuous failure to seek any treatment for her alleged problem simply because she had no transportation easily available.
The trial court having reached conclusions both with respect to percentage of disability of the hand as a whole and appellant’s alleged inability to return to work of a similar nature because of pain, made an award of $12.50 per week for 150 weeks less compensation previously paid. This was based upon the determination that appellant had experienced a six percent disability of the right hand in the course of employment where her weekly earnings were rated at an average of $53.00 per week. The trial court made the necessary mathematical computations (6% x $53.00 x 65%) and determined that the statutory minimum was not reached. Thus the court concluded that the weekly payments should be set at $12.50. 150 weeks is, of course, the figure set by statute to cover the specific loss-disability period in connection with hand injuries. We find no error in the court’s statutory interpretations nor in its computations.
Finally, we turn to the appellant’s claim for statutory penalties and attorney’s fees:
Although various medical and hospital bills were paid in her behalf, 72 days passed from the date of Bessie Byrd’s injury to her first compensation payment. Appellant’s able counsel strongly urges the invoking of statutory penalties on the face of this finding particularly in view of the fact that Bessie Byrd’s injury was clearly known to her employer as soon as it took place. Counsel correctly contends that notice to the insured of the occurrence of the injury is notice to the insurer. See LSA-R.S. 23:1162 Subd. C. However, notice to the insurer is not the equivalent of the demand for payment which LSA-R.S. 22:658 requires in order to recover penalties and attorney’s fees, Moore v. St. Paul Fire and Marine Ins. Co., 251 La. 201, 203 So.2d 548, Antoine v. Houston Fire and Casualty Co., 232 So.2d 588 (La.App. 3rd Cir. 1970). These cases expressly hold that notice of disability (and even admission of liability) does not obviate the statutory prerequisite of demand for payment.
The record shows that constructive demand was made on June 16, 1972 in the form of insured’s first report to its insurer. This was followed by insurer’s payments commencing on July 26, 1972. Accordingly) payment of compensation benefits to Bessie Byrd did commence within 60 days of constructive demand for payment (although it should be noted that no actual demand for payment was made by appellant or her attorney until June 28). The trial court’s determination that defendant-appellee was neither arbitrary nor capricious in the circumstance existent here was correct in view of the above cited cases and we find no error in their application.
Accordingly, the judgment of the trial court is affirmed at appellant’s cost.

Affirmed.