SCHOTT, Judge.
Plaintiff has appealed from a judgment dismissing her claim for penalties and attorney’s fees based on the failure of defendant to pay workmen’s compensation benefits.
Plaintiff was injured in the course and scope of her employment on January 18, 1977. She filed suit for compensation benefits against her employer, Security Industrial Insurance Co., only, and, after a trial on the merits on October 18, judgment was rendered in her favor for compensation benefits for the period of February 1 through October 17, 1977, at the rate of $95 per week together with medical expenses in the amount of $787.40. The judgment was paid and a satisfaction of judgment was signed by her former attorney on October 25, 1977.
She brought the present suit against her employer’s insurer on December 14, alleging that defendant was notified of her accident “at least by June 16, 1977, and probably earlier.” In answer to the petition defendant alleged that its first knowledge of the accident came from the suit papers and a copy of the first report of injury which it received on June 16, 1977.
At the trial plaintiff testified that the accident sued on occurred in the presence of *338 her supervisor. She was with him when she fell down a flight of stairs during the course of collecting insurance premiums. The supervisor admitted that he witnessed the accident and that plaintiff called him the following day to say that she was unable to work. He stated that he reported the incident to his superior but no written report was made at the time because he did not consider her accident serious.
Plaintiff attempted to prove that a letter dated March 31, 1977, was sent to defendant by her attorney, but defendant’s adjuster, Mrs. Greatiex, denied that any correspondence had been received by defendant pertaining to the claim until the suit papers came on June 16. This adjuster testified that upon receipt of those papers she contacted a Mr. Bodie at Security Industrial, who stated that he knew nothing about the incident and that they had no medical reports but would try to get some. Mrs. Greatiex testified that the first medical report received by defendant came on August 22, 1978.
LSA-R.S. 22:658 provides that payment of a claim shall be made within sixty days after receipt by the insurer of a satisfactory proof of loss. Failure to make such payment shall subject the insurer to a penalty and attorney’s fees “when such failure is found to be arbitrary, capricious, or without probable cause . . . ” By dismissing the suit the trial judge necessarily found that defendant’s failure was not arbitrary or capricious or without probable cause under the circumstances of this case.
Defendant’s uncontradicted evidence was that it received no notice of the accident until June 16 and no medical report until August 22. The fact that plaintiff gave notice and copies of medical reports to her employer does not subject the insurer to penalties and attorney’s fees in the absence of notice to it. Soulier v. Raymond, 177 So.2d 651 (La.App. 4th Cir. 1965). Also pertinent is Moore v. St. Paul Fire & Marine Insurance Co., 251 La. 201, 203 So.2d 548, where the court found that the insurer was not arbitrary and capricious in failing to pay where the plaintiff made no effort to furnish it with proof of his disability or to advise it of the incorrect computation of the benefits before suit was filed. In the instant case, defendant got no medical report until August 22, 1977, over two months after the suit was filed, and the 60 day period had not yet even run when the case was tried on October 18.
Plaintiff relies on Barham v. Mathieu, 198 So.2d 145, on page 149 (La.App. 1st Cir. 1967), and the statement in that opinion that notice of the accident to the employer was “tantamount to notice to the insurer.” A reading of that opinion convinces us that the statement was pure dicta and that the basis for the judgment awarding penalties and attorney’s fees was the finding that the defendant insurer itself was arbitrary and capricious and had no probable cause for failing to make payments to plaintiff. At page 150 the court concluded:
“Under the circumstances of this case, and the evidence before us of the inaction and inattention of the defendant insurance company to investigate and process this claim, even though initially reported as pneumonia, we find no manifest error on the part of the trial judge in awarding penalties and attorney’s fees.” (Emphasis supplied)
Under the facts and circumstances of the instant case we surely cannot find any manifest error on the part of the trial judge in failing to award penalties and attorney’s fees. The judgment appealed from is affirmed.
AFFIRMED.