## No. 2869.

### HERMAN JOB v. FRANK HEUER.

Where an *ex parte* statement of account, annexed to the petition, was allowed to be received in evidence, and the books of the partnership, which had been kept by the plaintiff himself and offered by the defendant, were excluded: Held—That the court *a qua* erred.

The court below also erred in compelling the defendant, who had pleaded the general issue, to plead payment before permitting him to introduce proof that he had settled in full with the plaintiff. Said plaintiff having alleged a final settlement, it was competent for the defendant to prove what that settlement was.

The plaintiff having alleged a final settlement, can not go behind it and demand the investigation and adjustment of the affairs of the partnership. Besides, it could not be done in this suit, which is for a specific sum.

APPEAL from the Fourth District Court, parish of Orleans. *Théard*, J. *Gustavus Schmidt*, for plaintiff and appellee. *T. Gilmore & Sons*, for defendant and appellant.

Justices concurring : Ludeling, Taliaferro, Howell, Wyly, Morgan.

WYLY, J. The plaintiff alleges that on sixteenth September, 1866, he entered into a partnership with the defendant for the purpose of carrying on the wood and lumber business in this city, which partnership continued for three years, terminating on sixteenth September, 1869, when an account of the assets was taken, and a final settlement was effected, from which it appears that the defendant is indebted to him $1353 18. He annexes an account to the petition showing that sum due him. The court gave judgment for $731 32, and the defendant appeals.

We think the court erred in permitting the *ex parte* statement of account annexed to the petition, to be received in evidence and in excluding the books of the partnership which had been kept by the plaintiff himself. The defendant's bills of exceptions to this ruling were well taken.

We think the court also erred in compelling the defendant, who had pleaded the general issue, to plead payment before permitting him to introduce proof that he had settled in full with the plaintiff.

The plaintiff alleged a final settlement, and it was certainly competent for the defendant to prove what that settlement was. The bill of exceptions on this point was well taken.

Having alleged a final settlement, the plaintiff can not go behind it and demand the investigation and adjustment of the affairs of the partnership. Indeed it could not be done in this suit, which is for a specific sum.

The question is, does the defendant owe the plaintiff the sum claimed. After examining the evidence in the record, we are satisfied that the demand of the plaintiff is utterly without foundation. There was a settlement in full between the partners, and there is no cause for this suit.

It is therefore ordered that the judgment appealed from be annulled, and that there be judgment for the defendant, plaintiff paying costs of both courts.

Rehearing refused.