BRUNOT, J.
 

 The plaintiff and defendant entered into a verbal agreement for the purchase and sale of a piece of real estate in Lake Arthur, La. At the date of the agreement plaintiff paid $100 in cash, which sum was in part payment of the purchase price of the property, and the balance of the purchase price was to be paid when defendant delivered to plaintiff an abstract showing that defendant had a merchantable title to the property and a deed translative of the title was presented'for signature. The petition alleges that the price of the property was $500; that defendant furnished an acceptable abstract of title, and that plaintiff went
 
 *773
 
 into possession of the property and made certain improvements thereon; that defendant, at a subsequent date, had an act of sale prepared by a notary .which he signed and left at the Calcasieu National Bank; that, upon calling at the bank to complete the deed and pay the balance of the purchase price, plaintiff found that the consideration recited in the deed was $1,500. The petition then recites the negotiations which followed; the moneys plaintiff has paid, and the obligations he had incurred in improving the property, and the damages he has suffered through the alleged fraud of the defendant in breaching his verbal contract. The prayer of the petition is for a reformation of the deed and for specific performance of the verbal contract, or, in the alternative, to be maintained in possession of • the property until defendant shall have refunded to plaintiff all sums expended by him for improvements placed upon the property, together with the $100 paid on account of the purc-hase price thereof, and all costs of court; or, in the further alternative, that plaintiff have judgment against defendant for all of said sums paid or obligations incurred by plaintiff, with recognition of certain labor and materialmen’s liens and privileges upon the property and ordering the seizure and sale of the property to satisfy the same; or, in the third alternative, for a judgment for the full amount of said itemized claims, and that the judgment be made executory against any and all property of defendant.
 

 From a judgment dismissing the suit upon an exception of no right or cause of action, plaintiff appealed. Defendant-moved to dismiss the appeal upon the ground that this court is without jurisdiction ratione materise.
 

 While plaintiff has made several alternative demands in the petition, they all relate to the same items for which he seeks judgment, viz., $100 paid on the purchase price of the property, $ls177.64, the cost of material used in improving the property, $594.94 for labor, material, etc., $34 for labor, and $28 for fire insurance premium, the several items making a grand total of $1,934.-58. Plaintiff prays for a judgment reforming the deed and for specific performance, or, in the several alternatives, for judgment against the defendant fot the enumerated items totaling $1,934.58, with recognition and enforcement of the recorded liens and privileges alleged in the petition. As plaintiff has prayed for no greater sum, no court can render a judgment in this suit for more than $1,934.58. It is therefore needless to consider the contention made in plaintiff’s supplemental brief.
 

 Section 10 of article 7 of, the Constitution of 1921 is, in part, as follows:
 

 “The Supreme Court * * * shall have appellate jurisdiction in civil suits where the amount in dispute, or the fund to be distributed, irrespective of the amount therein claimed, shall exceed two thousand dollars exclusive of interest.”
 

 From a mere statement of plaintiff’s demands and the quoted excerpt from the Constitution, it is apparent that this court is without jurisdiction ratione materise; the case is therefore transferred to the Court of Appeal, First Circuit, of the state of Louisiana, the costs of this court to be paid by appellant.