235 So.2d 437 (1970)
Clifford L. LAWRENCE
v.
A. H. RECOULLEY, Jr.
No. 11423.
Court of Appeal of Louisiana, Second Circuit.
April 28, 1970.
*438 Anthony J. Bruscato, Monroe, for appellant.
Jones, Blackwell, Chambliss, Hobbs & Henry, by Jasper E. Jones, West Monroe, for appellee.
Before AYRES, PRICE and WILLIAMS, JJ.
PRICE, Judge.
This action was instituted by Clifford L. Lawrence against A. H. Recoulley, Jr., seeking monetary damages and other relief for an alleged breach of a contract dissolving a partnership.
Lawrence alleged that during January, 1967, he and Recoulley formed a partnership by oral agreement to operate a shiner fish farm under the trade name "Nelson Bend Fish Farm", at Archibald, Louisiana. He further alleged the partnership carried on business from January, 1967, until November 15, 1967, at which time an agreement was made to terminate the business on the following terms:
Recoulley would receive all shiners on hand and would pay all existing indebtedness owed by the partnership; Lawrence would receive all equipment belonging to the partnership, and an option right under the rental lease covering the property on which the business was being operated.
Lawrence further alleged that Recoulley failed to pay all of the indebtedness owed by the partnership and has failed to deliver to him a portion of the equipment belonging to the partnership.
Defendant filed an answer and reconventional demand in which he admits the existence of the partnership and alleges an agreement to terminate made September 15, 1967, on terms substantially as follows:
Defendant was to take all shiners on hand at a price of $5.00 per thousand and apply this amount on the debts of the partnership. If this amount was not sufficient, all equipment was to be sold to further liquidate the indebtedness and any deficiency then remaining on the indebtedness was to be shared equally by the partners. Defendant also alleged that the partnership included a third person, Earl Oliveaux, who had taken bankruptcy prior to the institution of this action.
In his reconventional demand defendant asks for judgment against plaintiff for certain sums advanced by defendant in furtherance of the liquidation of the partnership indebtedness and for the value of a pickup truck belonging to the partnership which was retained by plaintiff.
After trial of the merits the district court rejected plaintiff's demands and granted defendant judgment on his reconventional demand for the sum of $2,547.00. From this judgment plaintiff has devolutively appealed.
Plaintiff contends that the issue on trial of the matter should have been limited solely to his action for damages for breach of contract. He contends it was improper for the court to allow the defendant to produce evidence in support of his claims under the reconventional demand as this would be tantamount to allowing an action between individual members of a partnership to adjust equities prior to a complete liquidation or accounting of the partnership. Plaintiff argues in brief in this court that no liquidation or accounting had been effected prior to his institution of suit, although he agrees the partnership ceased to operate in the fall of 1967.
There is no doubt that an action between the parties related to partnership *439 affairs is premature until a liquidation and dissolution has been effected. Jeffries v. Moore, 219 La. 692, 53 So.2d 898 (1951).
The controlling issue to be decided in the instant case is whether or not the parties have effected a final dissolution and accounting by means of a contract, and which of the two conflicting versions of the agreement is correct.
Partnerships may be dissolved by the consent of the partners. Louisiana Civil Code Article 2876. In the case of Johnson v. Iowa Rice Dryer, Inc., 226 So.2d 194 (La.App.3d Cir., 1969), the court commented on the contractual dissolution as follows:
"The evidence, however, discloses that the partnership has been dissolved by the consent of the partners. Upon dissolution of the partnership, the partners become owners in indivision of the partnership assets; and, in ordinary partnerships, each partner becomes liable for his virile share of the partnership debt, LSA-CC art. 2873. Furthermore, a partnership being a creature of contract, Civil Code Article 2803, may always be dissolved by unanimous consent of the parties. Civil Code Article 2876(5); Planiol, Civil Law Treatise, Volume Z, Section 1984 (LSCI translative, 1959)."
A litigant is bound by allegations of fact contained in his pleadings to the court. Scurria v. Russo, 134 So.2d 679 (La.App. 4th Cir., 1961).
In his original petition plaintiff alleges an agreement between the parties which we consider would be effective as a private settlement of the partnership affairs.
It is generally recognized that a private settlement and accounting of partnership affairs is binding on the parties consenting thereto. 68 C.J.S. Partnership § 399; Job v. Heuer, 25 La. Ann. 279.
We are thus of the opinion that the partnership had been dissolved by consent of all parties prior to the filing of this action, and that it was not improper for the trial judge to allow either party to present any claim against the other arising out of their partnership affairs.
The remaining issue is whether the trial judge committed manifest error in finding for Recoulley on his interpretation of the terms of the agreement to dissolve.
The trial judge, in his written reasons for judgment, evaluated the conflicting testimony on this question as follows:
"In the Courts opinion of the testimony relative to the partnership as stated by Mr. Recoulley and Mr. Oliveaux was more reasonable and clear and substantiated by the physical facts, than that of the plaintiff."
In matters involving the credibility of witnesses the trial judge's finding should be given much weight. This rule is so well settled that it requires no citation of authority. We can find no manifest error in the trial court's interpretation of the evidence in this regard.
Plaintiff, having consented to an agreement entrusting the liquidation of the assets of the partnership by defendant in a particular manner, must bear the burden of proving any discrepancy or inaccuracy in the disposition made by the defendant of the assets. Defendant presented evidence showing the amounts received for the shiners and items of property disposed of and the application of the total amount received to liquidation of the partnership indebtedness. The evidence adduced by him further reflected that the assets were insufficient to pay the indebtedness and that he had advanced personal funds to fully pay a note of the partnership, and several current expenses necessary to the termination of the business. In addition to seeking restitution from plaintiff for his virile share of these amounts, defendant sought the recovery of his pro-rata share of the value of a pickup truck retained by plaintiff. *440 The only evidence in the record purporting to value this item was offered by defendant and plaintiff has not adduced evidence to refute it.
The only error we find in the proceeding is the amount of the judgment signed by the trial court has exceeded that prayed for by defendant in his reconventional demand. Defendant suggests this was due to inadvertence and agrees to a correction by the court.
It is ordered that the judgment appealed from be amended to award A. H. Recoulley, Jr., plaintiff in reconvention, and against Clifford L. Lawrence, defendant in reconvention, the sum of $1,849.03, together with legal interest from September 4, 1968. In all other respects the judgment appealed from is affirmed at appellant's cost.