299 So.2d 923 (1974)
Frances A. BANANNO, Plaintiff-Appellee,
v.
The EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN et al., Defendants-Appellants.
No. 4637.
Court of Appeal of Louisiana, Third Circuit.
September 11, 1974.
*924 Brittain & Williams by Jack O. Brittain, Natchitoches, for defendants-appellants.
Gerard F. Thomas, Jr., Natchitoches, for plaintiff-appellee.
Before HOOD, MILLER and DOMENGEAUX, JJ.
MILLER, Judge.
Defendants Saga Food Services, Inc., and its insurer, Employers Mutual Liability Insurance Company of Wisconsin, appeal the award of additional workmen's compensation benefits together with penalties and attorney's fees to plaintiff Frances A. Bananno. Plaintiff answered the appeal seeking an increase in the award of attorney's fees. We amend and affirm in part and reverse the award of penalties and attorney's fees.
While employed by Saga Food Service and in the course and scope of her hazardous employment, plaintiff ruptured one or more intervertebral discs and her cervical spine. A spinal fusion was performed and defendants concede that she has remained totally disabled since the accident. Compensation benefits have been paid since the date of the accident.
*925 The first issue concerns the proper rate of compensation. Immediately prior to the accident Mrs. Bananno was earning $60.55 per week. Defendant-insurer paid benefits at the rate of 65% of that weekly wage or $39.35. When plaintiff's counsel demanded additional compensation based on her fringe benefits which consisted of two meals per day five days per week, defendant-insurer increased the rate by 65% of $5 per week or $3.25 and paid the increased weekly benefit from the date of the accident. It was established that 50 cents per meal or $5 per week was the amount actually allowed and charged to all cafeteria employees.
All other customers were charged $1.04 for breakfast and $1.30 for lunch, rather than the 50 cents per meal charged employees. It was established that the 50 cents charge was an arbitrary figure which had no relationship to the actual value of the meals.
The trial judge determined that the actual "door price" cost of meals should be used to compute plaintiff's compensation benefits and increased plaintiff's weekly benefits to $46.96 a week. We find no error in this conclusion.
The trial judge properly cited Collins v. Spielman, 200 La. 586, 8 So.2d 608 (1942), and Ardoin v. Southern Farm Bureau Casualty Ins. Co., 134 So.2d 323 (La. App. 3 Cir. 1961), as holding that the "value" or "worth" of the commodity furnished must be included in determining the employee's weekly wage. An arbitrary valuation established by the employer does not establish the "value" or "worth" of the employer's consideration for his employee's services.
We affirm the increase in the award of compensation to the sum of $46.96 per week.
The second issue concerns plaintiff's claim for travel expenses incurred for medical treatment. On April 3, 1973, plaintiff's counsel demanded payment for his client's travel expenses without itemizing those expenses or stating the number of miles traveled. Defendant-insurer replied on April 13, 1973 tendering 7 cents per mile as travel expenses and requested a statement of the miles traveled. Counsel answered that he wanted to first conclude the issue concerning the claim for an increase in the compensation rate based on the fair value of the meals before he would furnish the requested information. Counsel did not state that 7 cents per mile was inadequate. He did not claim 10 cents per mile and did not state how many miles his client had traveled. In the suit filed June 23, 1973, 10 cents per mile was sought as the cost of plaintiff's travel. At trial plaintiff testified that she made nine trips of 144 miles each, and the trial judge awarded her 15 cents per mile or $194.40 for this item.
Plaintiff's evidence as to her cost of travel was limited to a statement that she and her husband own a 1972 Impala which cost $3,552.62, and that the car's insurance cost approximately $300 a year. There is no evidence suggesting that 7 cents per mile was inadequate to operate her car. There is no evidence suggesting that it cost either 10 or 15 cents per mile to operate her car. No case has been cited to establish that either 10 or 15 cents per mile is the minimum travel expense allowance which must be paid by the insurer. The legislature has not set the minimum per mile payment due as travel expenses. Instead the act states that the employer shall furnish necessary medical services not to exceed $12,500. The employer is likewise required to furnish "the necessary cost of repair" of prosthetic devices injured in a compensable accident. LSA-R.S. 23:1203.
Without citing authority the trial judge took judicial notice that present costs of automobiles, gasoline, oil, and related expenses, required a minimum tender of 15 cents per mile. He committed error in going outside the record to find facts upon which to base his decision. He committed further error in awarding a sum *926 greater than was prayed for by plaintiff. Reimers v. Hebert, 162 La. 772, 111 So. 91 (1927); Lawrence v. Recoulley, 235 So.2d 437 (La.App. 2 Cir. 1970).
In Pennywell v. Crawford, 262 So.2d 830 (La.App. 2 Cir. 1972) travel expenses were denied because claimant failed to prove a specific cost. Since there is no evidence to support a claim for more than 7 cents per mile, we reduce the $194.40 awarded for travel expenses to $90.72 (1296 x 7 cents).
The final issue relates to the award of penalties and attorney's fees. The trial judge properly held that defendant-insurer was not arbitrary and capricious for failing to pay the increased benefits allegedly due as weekly benefits computed on the basis of the full value of the meals. It was reasoned that the defendant-insurer reasonably relied upon the fact that plaintiff herself used the $5 per week value for her income tax purposes. Since some employees rejected their employer's offer to purchase the meals for 50 cents each, we concur in finding that defendant-insurer was not arbitrary and capricious in calculating the benefits based on a $5 value for the meals rather than the proper value of $11.70 per week.
The award of penalties and attorney's fees was based in part upon the finding that defendant-insurer's offer of 7 cents per mile was in itself an arbitrary denial of plaintiff's right to travel expenses related to medical treatment. It has been argued that plaintiff need not specify her demand prior to filing suit because the law does not require one to do a vain and useless act. Moore v. St. Paul Fire & Marine Ins. Co., 251 La. 201, 203 So.2d 548 (1967).
We do not reach this argument since we have reduced the award for travel expenses to the amount tendered by defendant-insurer.
The trial judge also based the award of penalties on finding that defendant-insurer failed to promptly pay plaintiff's medical bills after request. We set aside that holding on finding insufficient proof in the record to show that defendants arbitrarily refused medical payments. All delays in payment were caused by plaintiff's failure to establish that the bills were related to the accident. We cannot say that defendant-insurer was arbitrary and capricious in requiring plaintiff to establish that the claimed medical expenses were related to injuries resulting from the accident.
Prior to trial, defendants filed an exception of prematurity, alleging that plaintiff was receiving all benefits to which she was entitled. The trial judge, in effect, properly overruled the exception on finding plaintiff entitled to additional weekly benefits. We concur in that ruling.
The trial court judgment is affirmed insofar as it granted plaintiff additional compensation benefits which increased her weekly benefits to $49.96. The judgment is amended to reduce the rate per mile for travel expenses from 15 cents to the 7 cents per mile tendered by defendant, and it is hereby ordered, adjudged, and decreed that there be judgment in favor of plaintiff in the sum of $90.72 for travel expenses. The awards are subject to credit for prior payments.
The award of penalties and attorney's fees is reversed and set aside. All costs of this appeal are taxed one-half to appellants and one-half to appellee.
Affirmed in part, amended in part, and in part reversed and rendered.
DOMENGEAUX, J., concurs in part and dissents in part and assigns written reason.
DOMENGEAUX, Judge (concurring in part and dissenting in part).
I agree that there is no error in the trial court's conclusion in computing compensation benefits based on the actual "door price" cost of meals; I likewise agree that *927 the insurer did not arbitrarily refuse to pay medical bills.
I disagree however in reducing travel expenses to 7¢ per mile for travel to and from plaintiff's doctor's office in Shreveport. After demand for travel expenses in the April 3rd letter, defendant-insurer offered by return letter, dated April 13, 1973, to reimburse plaintiff 7¢ per mile for said travel expenses if she would determine the dates of and the number of trips she had made to the doctors. Subsequently on June 23, 1973, suit was filed asking for 10¢ a mile. The trial judge awarded plaintiff the sum of $194.40 at the rate of 15¢ per mile, based upon testimony at trial that plaintiff had made nine trips from her home to doctors in Shreveport, Louisiana (a distance of 144 miles round trip). In granting the rate of 15¢ per mile rather than the 7¢ as offered (or the 10¢ asked for by the plaintiff), the trial judge opined that under the present conditions with increased costs of automobiles, gasoline, oil, and other related expenses, the bare minimum for the operator should be a figure of 15¢ per mile. I agree with his opinion that 7¢ is unrealistic and that a more appropriate figure would be 15¢ per mile for the present conditions of highway driving, but nevertheless, I opine he committed error in awarding a sum greater than that amount prayed for by the plaintiff. See Reimers v. Hebert, 162 La. 772, 111 So. 91 (1927); Lawrence v. Recoulley, 235 So.2d 437 (La.App. 2nd Cir. 1970).
As a result I would amend the district court judgment so as to reduce the rate per mile to that of 10¢ which was pleaded for in plaintiff's petition, instead of the 7¢ suggested in the majority opinion.
I feel, as did the trial judge, that penalties and attorney fees are due because the insuror was arbitrary in not paying (or offering to pay) plaintiff a realistic mileage allowance for travel expenses. An employee is entitled to recover reasonable travel expenses incurred by him in connection with medical treatment as a proper medical cost of the injury. Murry v. Southern Pulpwood Ins. Co., 136 So.2d 165 (La.App. 3rd Cir. 1961). If the employer refuses after demand to pay these expenses the employee is entitled to file a suit to determine the compensation liability. Walters v. General Accident and Fire Assurance Corporation, Ltd., 119 So.2d 550 (La. App. 1st Cir. 1960). In Walters the court allowed penalties and attorney's fees for the insurer's arbitrary nonpayment of these travel expenses. In the instant case defendants offered 7¢ per mile for travel expenses incurred. As aforementioned I opine that such an offer of 7¢ was unreasonable and unrealistic under the conditions present when this suit was filed, considering costs of road travel, gasoline, car maintenance, etc. Plaintiff of course did not accept such an offer and instead filed suit for 10¢ a mile. The insurer now argues that its behavior in failing to pay reasonable travel expenses incurred was not arbitrary and capricious due to the fact that plaintiff did not supply it with information as to the dates of and the number of trips made by her. I feel, however, that the arbitrary behavior was the unrealistic offer of 7¢ per mile for travel expenses. Such being the case it was vain and useless for the plaintiff to submit an itemized statement of those expenses or information the insured demanded. It is well settled in our jurisprudence that the law does not require anyone to do a vain and useless act. Moore v. St. Paul Fire and Marine Ins. Co., 251 La. 201, 203 So.2d 548 (1967).
I respectfully concur and dissent as set out above.