306 So.2d 417 (1975)
Joan JOHNSON, Individually and as Administratrix of her minor children, Anthony Johnson, III, and Reginald Johnson, Plaintiff-Appellee,
v.
Samuel McKAY et al., Defendants-Appellants.
No. 4857.
Court of Appeal of Louisiana, Third Circuit.
January 15, 1975.
Gold, Hall, Hammill & Little by James D. Davis, Murray, Alexandria, for defendants-appellants.
Mike Wahlder, and Garrett & Ryland by Donald M. Garrett, Alexandria, for plaintiff-appellee.
Gist, Methvin & Trimble by James T. Trimble, Jr., Alexandria, for defendant-appellee.
*418 Before FRUGÉ, DOMENGEAUX and WATSON, JJ.
FRUGÉ, Judge.
This suit was brought by Joan Johnson, individually and as the duly qualified natural tutrix of her minor children, Anthony Johnson and Reginald Johnson, as a result of injuries sustained by them in an accident involving a car driven by Joan Johnson, and owned by Alonzo Freeman, and an automobile driven by the defendant, Samuel McKay. The accident occurred on October 4, 1971, at the intersection of Richmond Drive and the driveway of Acadian Elementary School in the city of Alexandria. Also made a defendant was Horace Mann Insurance Company, the defendant's automobile liability insurer. After trial judgment was rendered in favor of the plaintiff. After denial of a motion for a new trial by the defendants, a suspensive appeal was taken. We affirm.
The accident occurred about 4:00 P.M. on the day in question. Joan Johnson was driving a 1962 Chevrolet Corvair and was leaving the school driveway to proceed west on Richmond Drive. The defendant, Samuel McKay, was driving a 1969 Buick, four-door sedan and was proceeding in an easterly direction on Richmond Drive. At the time of the accident Samuel McKay was alone in his vehicle and the plaintiff, Joan Johnson, was accompanied by her two minor children. The only witnesses to the accident were the two drivers and Alice Jackson, who lives across the street from the school on Richmond Drive.
The testimony of Mr. McKay indicates that he was proceeding in an easterly direction along Richmond Drive about 15 to 20 miles per hour and that he did not see the Johnson vehicle before the collision. He did not recall applying his brakes prior to the collision and he thought that the collision occurred while his vehicle was in his lane of travel. He did not recall any obstruction in his lane of travel just prior to the accident. The testimony of Joan Johnson indicates that she was proceeding in a southerly direction down the school driveway. She was in the process of leaving the driveway and entering Richmond Drive to continue down that street in a westerly direction when the collision occurred. She stated that she saw the McKay vehicle proceeding in her direction on Richmond Drive but felt that she could make the turn safely. When her car was approximately one car length out of the driveway into Richmond Drive, the McKay vehicle veered into her lane of travel, causing the collision. The testimony of Mrs. Alice Jackson indicates that a truck was parked on the south side of Richmond Drive and that the McKay vehicle had to enter the north lane of travel in order to pass the truck. The position of the parked truck was substantiated by the testimony of Joan Johnson.
The testimony of Alice Jackson was to the effect that she was looking out of her window at the time of the accident. She stated that the Johnson vehicle was just at the end of the turn and that it appeared to her that the McKay vehicle was attempting to make a turn into the driveway. The investigating officer testified that when he arrived at the scene of the accident approximately one-half of the Johnson vehicle was in the school driveway and the other half on Richmond Drive. He further testified that the left rear of the McKay vehicle was situated across the center line on the westbound lane with the remainder being in the eastbound lane. He testified that there were skid marks approximately 21 feet in length which had apparently been left by the McKay vehicle. He found no skid marks which would have been left by the Johnson vehicle.
In his reasons for judgment the trial judge held that the collision occurred when the front of the Johnson vehicle was approximately one car length out of the school drive and that the collision knocked that car back partially into the driveway. He further held that there had in fact been a pickup truck parked in the defendant's *419 lane of travel, and that the collision had occurred in the Johnson vehicle's lane of travel. He stated that the positions of the two vehicles involved in the collision were not entirely clear from the testimony of the three witnesses. He placed little weight on the testimony of Alice Jackson because much of her testimony was unclear and contradictory. Furthermore, he stated that the testimony of the defendant was of little help because he did not remember seeing the pickup truck or the Johnson vehicle prior to the accident. The defendant further stated that he had been in his proper lane of travel at the time of the accident. The physical evidence at the scene proved, in the judge's opinion, that the defendant was incorrect on all three of these facts. He found that the testimony of the plaintiff, Joan Johnson, was essentially uncontradicted, and concluded that the evidence indicated that the McKay vehicle crossed into the oncoming lane of travel and that this resulted in the collision. He pointed out that the defendant had no explanation for the fact that he crossed the center line into the oncoming traffic lane and, in fact, was not even aware that his vehicle had crossed the center line. The testimony of Joan Johnson was that she had already entered Richmond Drive when the defendant suddenly swerved into her lane causing the accident. The trial judge stated that it is presumed that the driver in the wrong lane of travel is negligent and that he has the burden of showing that the accident was not caused by his negligence. Applying this rule to the present facts, he held that the defendants had failed to discharge the burden of proving that the accident had not been caused by McKay's negligence and therefore placed liability on them. The judge stated that it was the duty of Joan Johnson to stop before entering Richmond Drive and to ascertain the traffic situation and yield to all approaching vehicles that might constitute an immediate hazard. This duty was the basis for the defendants' contention that the plaintiff was contributorily negligent in her operation of the vehicle. No contributory negligence was found on the part of the plaintiff in view of the fact that the defendants, in the court's opinion, had failed to provide sufficient evidence in the record to substantiate this claim. With reference to the damages suffered, the trial judge found that there was no serious dispute as to the injuries received by Joan Johnson and her children. He awarded general damages on behalf of Anthony Johnson in the amount of $18,000, and on behalf of Reginald in the amount of $500.00. Joan Johnson's general damages were fixed at $4,000. The special damages awarded were as follows: $3,721.75 on behalf of Anthony Johnson; $17.00 on behalf of Reginald Johnson: $1,091.29 to Joan Johnson.
On appeal the defendants argue that the trial judge erred in finding McKay guilty of negligence and in failing to find the plaintiff guilty of contributory negligence. They also argue that the trial judge erred in awarding $18,000 in general damages to Anthony Johnson and $4,000 to Joan Johnson because these amounts were excessive under the circumstances. The plaintiff answered the appeal requesting an increase in the general damages awarded to Joan Johnson from $4,000 to $10,000, and to Anthony Johnson from $18,000 to $30,000.
After reading the record, we conclude that the trial judge was correct in finding that the accident occurred when the defendant was partially in the lane of travel occupied by the plaintiff's car. This fact creates a presumption of negligence on the part of the defendant which must be overcome by him with evidence that some factor other than his negligence caused the resulting damage. Simon v. Ford Motor Company, 282 So.2d 126 (La. 1973); Jones v. Continental Casualty Company of Chicago, Illinois, 246 La. 921, 169 So.2d 50 (1964); Thibodeaux v. Travelers Indemnity Company, 215 So.2d 215 (La.App. 3rd Cir. 1968). We find, as did the trial judge, that this burden has not been met. Therefore, we conclude that McKay's negligence caused the accident. We also find that the record supports the trial *420 judge's conclusion that there is insufficient evidence to substantiate the defendants' contention that the plaintiff was contributorily negligent. For these reasons, we must affirm the trial judge's holding that McKay's negligence caused the accident in question.
The question of quantum has been extensively briefed by both the plaintiffs and defendants on appeal. The trial judge awarded as general damages for the injuries suffered by Anthony $18,000. The record indicates that on the day of the accident Anthony was admitted to the emergency room at Rapides General Hospital with a large irregular laceration of the right side of his chin and fractures of several teeth and his jaw. An operation was performed on that day to remove three of his mandibular anterior teeth and to apply an arch bar to the mandible. A fourth tooth was later lost during the removal of the arch bar. Subsequent operations were performed to reduce the fracture of his jaw and to excise the scar on his jaw, and extensive dental work has been anticipated as a result of the gap left in Anthony's mouth by the loss of the teeth.
General damages of $4,000 were awarded to Joan Johnson for the injuries suffered by her. The emergency room report introduced into evidence indicates that when she was treated immediately after the accident she had injuries to her left arm, jaw, left femur, both knees, and a laceration of her lower lip. The report also indicates that she complained of a blow to the area in which she had surgery performed the previous June. Examination of the plaintiff revealed pain in the neck and back region. She was admitted to the hospital for treatment and observation, and discharged on October 6, 1971. The testimony of the treating physician, Dr. John Rozier, is that when he last saw the plaintiff with regard to these injuries in December, 1971, she had tender muscles in the right portion of her neck and some pain when moving her neck. She also complained of headaches and dizziness.
Under the holding in Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967), an appellate court may not disturb the judge's assessment of damages unless it finds on review of the facts a clear abuse of discretion on his part. See also, Revon v. American Guarantee & Liability Insurance Company, 296 So.2d 257 (La. 1974) and Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963). From our review of the record we find no abuse of the trial judge's discretion in the awards of damages in this case. For this reason we will not disturb the award of general damages by the trial judge.
For the reasons assigned, the judgment of the trial court is affirmed, with all costs assessed against the defendants-appellants.
Affirmed.