FRUGÉ, Judge.
This case was consolidated with Johnson v. McKay, 306 So.2d 417 (La.App. 3rd Cir. 1974) for both trial and appeal. Alonzo Freeman, the plaintiff, filed this action against Samuel McKay for damages allegedly caused to his automobile through the negligence of the defendant. After trial on the merits judgment was rendered in the plaintiff’s favor. The judgments in the two cases were signed by the trial judge on March 29, 1974, and notice of the signing of the judgment was sent that day. An application for a new trial in Johnson v. McKay was made April 1, but no such application was made in the present case. Defendants moved for a suspensive appeal in both cases on April 18, within fifteen days after the denial of the application for a new trial but more than fifteen days after the signing of the judgments by the trial judge and the sending of the notice thereof. In view of this fact we consider this appeal devolutive with respect to the judgment in favor of Alonzo Freeman. Jackson v. Hannie, 225 So.2d 385 (La.App. 3rd Cir. 1969).
We also note that the defendant’s insurer, Horace Mann Insurance Company, was not made a party to this suit in the petition filed by Freeman, nor was the insurer joined as a party subsequent to the filing of the original petition. However, the trial judge rendered judgment against both the defendant, McKay, and his insurer. Since a judgment cannot be given effect against one not a party to an action, the judgment of the trial court is modified to the extent that it casts the defendant’s in *422 surer for the damages suffered by the plaintiff, Freeman.
For the reasons assigned in Johnson v. McKay, supra, the judgment of the trial court is affirmed insofar as it casts the defendant McKay, and annulled insofar as it casts the insurer. All costs are assessed against the defendant-appellant, Samuel McKay.
Affirmed in part; annulled in part.