363 So.2d 952 (1978)
Stephen DEMENT, Plaintiff-Appellee,
v.
INTERNATIONAL PAPER COMPANY et al., Defendants-Appellants.
No. 6639.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1978.
Stafford, Randow, O'Neal & Smith, Russell L. Potter, Alexandria, for third party defendant-appellant.
Charles L. Hamaker, Monroe, for defendant-appellant.
Brittain & Williams, Jack O. Brittain, Natchitoches, for third party defendant-appellee.
Mayer, Smith & Roberts, A. James Gregory, Jr., Shreveport, Kelly, Ware & Salim, Robert L. Salim, Natchitoches, for defendant-appellee.
Thomas & Dunahoe, G. F. Thomas, Jr., Natchitoches, for plaintiff-appellee.
Before CULPEPPER, DOMENGEAUX and CUTRER, JJ.
CUTRER, Judge.
This is a claim for workmen's compensation. Plaintiff, Stephen Dement, was injured *953 on June 2, 1976, while employed by Allen Coolman, a dealer in pulpwood. Coolman had a contract wherein Coolman would cut the wood and deliver same to Odell Roberts.[1] Odell Roberts had a supply contract with International Paper Company (hereinafter referred to as International). At the time of the accident, International had received a certificate of insurance from one Walter Hetherwick certifying that Odell Roberts was insured by Employers Reinsurance Corporation for workmen's compensation claims. Following Dement's accident and disability, Hetherwick paid $864.50 in compensation payments to Dement. Hetherwick then terminated compensation payments and it was later determined that Odell Roberts was not insured. When this matter came before the trial court, Hetherwick's whereabouts were unknown. California Union Insurance Company (hereinafter referred to as California) issued a professional liability insurance policy to Hetherwick. That policy lapsed on February 19, 1976. Dement filed suit against Roberts, Coolman and International Paper Company, Fidelity and Casualty Company of New York, and American Mutual Insurance Company. Coolman and Roberts filed third party demands against California. International filed a third party demand against Roberts.
The trial judge rendered judgment in favor of plaintiff against International, Roberts and Coolman awarding workmen's compensation for total and permanent disability. He further rendered judgment in favor of International against Roberts. International, Coolman and Roberts were given judgment against California. The suit was dismissed against Fidelity and Casualty Company of New York and American Mutual Insurance Company.
California has appealed. Plaintiff answered the appeal seeking an increase in attorney's fees.
This suit presents three issues: I. Can judgment be awarded in favor of International against California when no third party demand was made by International against California? II. Does the California professional liability policy issued to Hetherwick afford coverage for Roberts' and Coolman's claims against Hetherwick for his failure to provide workmen's compensation insurance? III. Should attorney's fees be increased?

I.
Concerning the first issue, the trial judge awarded judgment in favor of International against California when International had not made California a third party defendant. The trial court in rendering judgment against California gave no legal basis for such judgment. With the trial court's position we disagree. No demand having been made on California by International through a third party action, judgment for International against California is not authorized. One who is not a party to a suit cannot have judgment rendered against him, Freeman v. McKay, 306 So.2d 420 (La.App. 3rd Cir. 1975); Hobbs v. Fireman's Fund American Insurance Company, 339 So.2d 28 (La.App. 3rd Cir. 1976), writ refused.

II.
The second issue is whether the California professional liability policy issued to Hetherwick affords coverage for Roberts' and Coolman's third party claims against Hetherwick. Plaintiff was injured on June 2, 1976. Hetherwick's professional liability policy issued by California lapsed on February 19, 1976, almost four months before plaintiff's injury. The trial judge in his reasons for judgment concluded that this policy was in effect at the time of plaintiff's injury but expired before the error was discovered by Roberts. The trial judge was in error in this conclusion. Plaintiff's injury occurred almost four months after the policy had expired.
The policy read in part:
"This certificate applies to CLAIMS BROUGHT DURING THE CERTIFICATE *954 PERIOD arising from acts, errors or omissions, whenever or wherever committed or alleged to have been committed:
(A) During the certificate period . . ."
Defendant argues that such "claims made" policies are a violation of public policy. This argument is without merit for the reasons hereinafter set forth.
According to the wording in the policy, it covered only "claims brought during the certificate period." This type of "discovery" or "claims made" policy has been held valid and not against public policy by the Louisiana Supreme Court in Livingston Parish School Board v. Fireman's Fund American Insurance Company, 282 So.2d 478 (La.1973). The court held:
"Where a policy unambiguously and clearly limits coverage to acts discovered and reported during the policy term, such limitation of liability is not per se impermissible. J. M. Brown Const. Co. v. D & M Mechanical Contr., Inc., 222 So.2d 93 (La.App. 1st Cir. 1969); see also Home Ins. Co. v. A. J. Warehouse, Inc., 210 So.2d 544 (La.App. 4th Cir. 1968), syllabus 6. This is in accordance with the general principle that, in the absence of conflict with statute or public policy, insurers may by unambiguous and clearly noticeable provisions limit their liability and impose such reasonable conditions as they wish upon the obligations they assume by their contract. Snell v. Stein, 261 La. 358, 259 So.2d 876, 878 (1972), and decisions there cited.
"No American decision we could find holds public policy to be offended by discovery and reporting provisions similar to the present . . ."
This court has applied Livingston, supra, in the case of Breaux v. St. Paul Fire & Marine Insurance Company, 326 So.2d 891 (La.App. 3rd Cir. 1976), and held a "claims made" policy to be valid. We therefore hold that, since no claim was made during the policy period, no coverage was afforded for Roberts' or Coolman's claims for Hetherwick's failure to provide workmen's compensation insurance.

III.
Plaintiff, in an answer to the appeal, has requested that this court increase the award of attorney's fees by $1,500. The trial court awarded $5,000 as attorney's fees. This is a generous award, and due to this and further that plaintiff's attorney did not participate in the appeal other than by filing the answer, the request for an increase shall be denied.
For the foregoing reasons, the judgment of the trial court herein is reversed and set aside insofar as judgment was rendered in favor of International Paper Company, Odell Roberts and Allen Coolman and against California Union Insurance Company.
The judgment of the trial court is otherwise affirmed.
All costs at trial and appeal are assessed against defendants Odell Roberts, Allen Coolman, and International Paper Company.
REVERSED IN PART; AFFIRMED IN PART.
NOTES
[1] Odell Roberts died pending appeal and proper parties were substituted. These parties will be referred to as "Roberts."