WATSON, Judge.
This is the appeal of a workmen’s compensation judgment awarding Lincoln Car-mouche, plaintiff, benefits for total and permanent disability as well as penalties and attorney’s fees against his employer, Haynes Lumber Company, Inc., and its compensation insurer, Southern Casualty Insurance Company.
Carmouche was engaged by Mr. Nei-smith, an officer of the Haynes Company, which was engaged in a sawmill operation, and by the clerk-bookkeeper, Ms. Gauthier, to do certain remodeling and painting of the company offices. It was agreed that Haynes would pay Carmouche $13 per hour, which included his wages and those of a helper. According to the plaintiff, on a day early in August, his ladder broke and he fell, injuring himself in several particulars. Plaintiff claims an injury to his hand, which resulted in a severe infection; an aggravation of bursitis in his shoulder; and bilateral inguinal hernias.
On trial, the court made specific findings of fact including the following: That plaintiff was an employee of Haynes, performing heavy manual labor, and was not an independent contractor; that the work was hazardous and was an integral part of the business operations of Haynes; that plaintiff accidentally fell off the ladder and suffered injuries to his left hand and arm, his left shoulder and his groin area; that Southern Casualty made payments of compensation to plaintiff which were terminated following receipt of a doctor’s .report; that the insurer did not reopen its file to investigate further complaints of plaintiff after notice from subsequent medical reports; and that the insurer made no effort to determine whether the bursitis or the hernias were related to the accident. A judgment for total and permanent disability, at the rate of $130 per week (the stipulated rate), was entered and the trial court awarded penalties as well as a $5,000 fee for plaintiff’s counsel.
The employer and insurer have appealed, contending that the trial court erred in several aspects and these contentions form the issues on appeal:
(1) Was plaintiff an employee of Haynes or was he an independent contractor performing work not an integral part of the business operations of Haynes?
(2) Is plaintiff totally and permanently disabled?
(3) Should the trial court have entered a limited judgment as provided by portions of the workmen’s compensation act relating to hernias?
(4) Was there error in casting Haynes and Southern Casualty for penalties and attorney’s fees?

EMPLOYEE STATUS OF PLAINTIFF

The facts of this case are very similar to those presented by Slocum v. Lamartiniere, 369 So.2d 201 (La.App. 3 Cir. 1979), in which the employer made the contention that a carpenter on his premises building a new grocery store was not actually an employee but an independent contractor per *468 forming work not an integral part of the employer’s business. This court rejected the contention in that case and the same principles apply here.

TOTAL AND PERMANENT DISABILITY

Carmouche was first treated by Dr. Richard R. Michel for an infection of his arm on August 5,1978. He recovered from the arm infection, but began to suffer from an aggravation of bursitis. Dr. Michel stated clearly, in his testimony, that the aggravation was caused by the accident, that plaintiff still has the bursitis and has pain which is disabling. (TR. 35, 36). There is no contrary medical testimony and there was no error in the trial judge’s accepting the opinion of Dr. Michel. Phillips v. Dresser Engineering Co., 351 So.2d 304 (La.App. 3 Cir. 1977), writ denied, 353 So.2d 1048 (La., 1978).

HERNIAS

The employer and insurer make two contentions concerning plaintiff’s bilateral inguinal hernias. These are first that the plaintiff was not under the care of a physician within 30 days following the accident for hernia. It should be noted that the statute, LSA-R.S. 23:1221(4)(q)(i-iv)[1] is broadly written and requires only that the employee be attended by a physician, not that he be attended by a physician for any particular trouble. Carmouche saw Dr. Michel very soon after the accident and certainly within the 30 day statutory period. The next objection is that plaintiff will not submit to surgery which Dr. Michel recommended and said would be no serious risk to plaintiff’s health. (TR. 57). Plaintiff admitted, in his testimony, that he did not want an operation.
The statutory limitation, if the injured employee rejects a hernia operation, would come into effect only if his disability was based solely on the hernia. As long as plaintiff is disabled from the bursitis, as stated by Dr. Michel, the hernia limitation is not applicable. The employer and insurer have the statutory right to reopen this matter as becomes appropriate.

PENALTIES AND ATTORNEY’S FEES

The representative of the insurance company, one Clyde Roy, testified as to the handling of the claim. He admitted that the compensation payments had been terminated and that although he received subsequent communications from the physician, the file was not reopened, no investigation was made, and compensation was not resumed. In addition, Mr. Roy admitted that an additional medical bill received from Dr. Michel had not been paid. Therefore, it is clear that, under the circumstances of this case, the insurer had a duty to reopen his file arid to make a further investigation of plaintiff’s situation. Rachal v. Highlands Ins. Co., 355 So.2d 1355 (La.App. 3 Cir. 1978).
The only error that we find was in casting the employer for penalties and attor *469 ney’s fees. Under the statute, it is the compensation insurer who is responsible for this feature of the judgment.
Therefore, the judgment is amended to delete that portion which casts Haynes Lumber Company for penalties and attorney’s fees. Otherwise, the judgment is affirmed.

ANSWER TO APPEAL

The plaintiff has answered the appeal contending that it should be affirmed but that his counsel’s fee should be increased. The trial court was most generous, it seems to us, in awarding a fee of $5,000 in this case. While in some cases this court has increased such fees on appeal, we believe that the award by the trial court is ample to cover all services by plaintiff’s counsel.
Costs on appeal are taxed against the appellants.
AMENDED AND AFFIRMED.

. LSA-R.S. 23:1221(4)(q)(i-iv):
“(q)(i) In all claims for inguinal hernia, it must be established by a preponderance of the evidence that the hernia resulted from injury by accident arising out of and in the course and scope of employment; that the accident was reported promptly to the employer, and that the employee was attended by a licensed physician within thirty days thereafter.
(ii) If the employee submits to treatment, including surgery, recommended by a competent physician or surgeon, the employer shall pay compensation benefits as elsewhere fixed by this Chapter.
(iii) If the employee refused to submit to such recommended treatment, including surgery, and establishes by a preponderance of the evidence that his refusal is based upon his conscientious religious objection thereto or that such recommended treatment, including surgery, involves an unusual and serious danger to him, the employer shall pay compensation benefits as elsewhere fixed by this Chapter. In all other cases of the employee’s refusal to submit to such recommended treatment, including surgery, the employer shall provide all necessary first aid and medical treatment and supply the necessary truss, support, or other mechanical appliance at a total cost not in excess of six hundred dollars. In addition, the employer shall pay compensation for a period not to exceed twenty-six weeks.
(iv)Recurrence of the hernia following surgery shall be considered as a separate hernia, and the provisions and limitations of the Section shall apply.”