383 So.2d 1067 (1980)
Cecile MORGAN, Plaintiff-Appellee,
v.
EQUITABLE GENERAL INSURANCE COMPANY, Defendant-Appellant.
No. 7464.
Court of Appeal of Louisiana, Third Circuit.
April 9, 1980.
Rehearing Denied May 29, 1980.
*1068 Gold, Little, Simon, Weems & Bruser, John F. Simon, Alexandria, for defendant-appellant.
Thomas & Dunahoe, G. F. Thomas, Jr., Natchitoches, for plaintiff-appellee.
Before CULPEPPER, GUIDRY, and DOUCET, JJ.
*1069 DOUCET, Judge.
This suit for workmen's compensation benefits was brought by Cecile Morgan against Houston General Insurance Company[1], her employer's workmen's compensation insurer. The defendant-insurer appeals a judgment of the district court in favor of plaintiff, awarding her benefits for total and permanent disability, plus penalties and a $5,000.00 attorney's fee.
Plaintiff was employed as a domestic servant by Judge and Mrs. Richard B. Williams of Natchitoches, Louisiana. In addition to her duties in the Williams household, plaintiff was required to care for a Mr. Francois Mignon, an elderly, blind man, who lives in a small guest house on the Williams' property. Plaintiff cleaned the guest house, did Mr. Mignon's laundry, and delivered meals to him which she prepared at the Williams' house.
Mrs. Williams testified that plaintiff had worked for her family for twenty-five years. She was paid a fixed amount weekly, regardless of the number of hours that she actually worked. Periodically, Mrs. Williams divided plaintiff's salary by the average number of hours that she worked in order to determine whether she was being paid at least the prevailing federal minimum wage. At the time of the accident, plaintiff was receiving a total of $76.50 per week. In addition, the Williamses provided her with transportation to and from work in their personal automobiles and allowed her to eat one meal per workday in their home.
Mrs. Williams valued the work performed by plaintiff for Mr. Mignon's benefit at $21.50 per week. She paid that portion of plaintiff's salary from a bank account that she kept for him. Mr. Mignon had a meager income, which was insufficient for his maintenance and support. In order to justify claiming him as a dependent for income tax purposes, Mrs. Williams maintained the separate bank account and kept separate records of the expenses paid by the Williamses for him.
On November 27, 1975, plaintiff fell and seriously injured her left ankle as she was leaving the guest house, after delivering Mr. Mignon's breakfast to him. She was hospitalized, and her ankle was surgically repaired. Approximately ten months later, she returned to work, however, the prolonged standing and walking incident to her employment resulted in severe pain and swelling in her ankle. She resigned after eleven months, when her physician advised that she do so, and underwent additional surgical procedures for the placement of prosthetic devices in her ankle.
The trial judge found that despite the medical treatment of her injury, plaintiff is totally and permanently disabled. He awarded benefits based on the following figures:

"(1) 40 hours at $2.20 $88.00
 (2) Payment for services to Francois
 Mignon 21.50
 (3) Six (6) meals at $3.00 18.00
 (4) Six (6) roundtrips at $1.50taxi
 fare 9.00
 _______
 Total $136.50

Compensation rate:
66 2/3% of $136.50 limited to statutory maximum, $85.00 per week."
On appeal, defendant argues that the trial judge erred in the following respects:
(1) In finding that plaintiff was paid on an hourly basis,
(2) In including in plaintiff's wages for computing workmen's compensation benefits the $21.50 that she received for services rendered for the benefit of Francois Mignon,
(3) In including as part of plaintiff's wages the value of meals which were available to her at work,
(4) In finding that one meal per day should be valued at $3.00,
(5) In including as part of plaintiff's wages the value of taxi fare between her residence and her place of employment,
*1070 (6) In finding that plaintiff is entitled to benefits for total and permanent disability, and
(7) In awarding the sum of $5,000.00 as attorney's fees.

SPECIFICATION OF ERROR NO. 1
As we noted earlier, plaintiff was paid a fixed amount weekly, regardless of the number of hours that she actually worked. She worked 6 days per week, arriving at about 8:30 A.M. and leaving at 12:30 to 1:30 P.M. Her work varied according to the day-to-day schedules and activities of her employers, however, her salary did not. Defendant argues that under these circumstances she cannot properly be considered an hourly employee. We agree.
In finding otherwise, the trial judge was apparently influenced by Mrs. Williams' testimony regarding the calculations that she made for the purpose of determining whether the federal minimum wage laws were being complied with. The hourly rate of $2.20 that she used in computing the amount of plaintiff's benefits was the current federal minimum wage at the time of the accident. It is clear from Mrs. Williams' testimony, however, that plaintiff's right to receive her salary was not conditioned upon her working any specified number of hours. In fact, no one kept track of the actual number of hours that she worked. The figure that Mrs. Williams used in making her calculations was an estimate used for the limited purpose of measuring compliance with the federal minimum wage law.
In view of these facts, we believe that the trial judge erred in finding that plaintiff was being paid $2.20 per hour. The weekly salary of $55.00 that she received for work done in the Williams household should have been used in computing the amount of her benefits rather than the $88.00 figure that he used.
We note that defendant argues that plaintiff's average weekly salary for that part of her work was only $36.64. Defendant arrives at that figure by what we find to be a somewhat strained and illogical application of subparagraph (d) of LSA-R.S. 23:1021(7). That provision was clearly not intended for use in cases such as this. Since plaintiff was paid a fixed amount weekly, her average weekly salary is readily ascertainable without resorting to any of the formulas set out in LSA-R.S. 23:1021(7).

SPECIFICATION OF ERROR NO. 2
Defendant argues that because plaintiff was paid with funds from Mr. Mignon's personal checking account for the work that she did for his benefit, she was employed by both Mr. Mignon and the Williamses. It further argues that the $21.50 that she received from her allegedly separate employment by Mr. Mignon should not have been included in computing the amount of her benefits. It is clear, however, from a reading of the testimony of plaintiff and Mrs. Williams that plaintiff did not at any time have an employment agreement with Mr. Mignon. Her work was done under Mrs. Williams' direction, and we conclude that the rendering of those services was a requirement of her employment by the Williamses.
We attach little significance to the fact that plaintiff's salary was paid from the two separate accounts. Payment of wages is not conclusive proof of an employer-employee relationship, particularly when another party directly controls the employee's actions. Fontenot v. Town of Kinder, 377 So.2d 554 (La.App.3rd Cir. 1979). Moreover, we believe that plaintiff's payment from Mr. Mignon's checking account resulted from Mrs. Williams' method of record keeping rather than from an employment arrangement with Mr. Mignon. As we noted earlier, Mr. Mignon's income was insufficient for his support and had to be supplemented with gifts from the Williamses. If she had found it more convenient to do so, Mrs. Williams could have achieved the same result by paying plaintiff's salary entirely from her own account and using Mr. Mignon's funds to pay for some other necessity. We, therefore, reject defendant's contention that the trial judge erred in including *1071 the $21.50 in computing the amount of plaintiff's benefits.

SPECIFICATIONS OF ERRORS 3, 4, & 5
In concluding that the value of the meals and transportation furnished to plaintiff should be included as part of her weekly wage, the trial judge relied on this court's decisions in Bananno v. Employer's Mutual Liability Ins. Co., 299 So.2d 923 (La.App.3rd Cir. 1974), and Ardoin v. Southern Farm Bureau Casualty Ins. Co., 134 So.2d 323 (La.App.3rd Cir. 1961).
Defendant would distinguish those cases, arguing that there was never an agreement between plaintiff and her employees that the value of the meals and transportation would be part of the remuneration for plaintiff's services. Although we find no direct evidence of such an agreement, our examination of the testimony of plaintiff and Mrs. Williams leads us to believe that the value of those benefits was a factor that was considered in fixing the amount of her salary. Thus, we cannot say that the trial judge was clearly wrong in including those items in computing the amount of plaintiff's benefits.
With regard to the value of the meal, defendant contends that the trial judge erred in accepting the testimony of plaintiff's attorney that in 1975 a restaurant meal in Natchitoches was worth $3.00. Defendant argues that the only competent evidence relevant to this issue was the testimony of its expert, Dr. Vazgen Yaghoubian, who estimated that the average cost of a meal prepared in a Natchitoches home in 1975 was between $1.40 and $1.50.
After reviewing Dr. Yaghoubian's testimony, we do not believe that the trial judge was clearly wrong in not relying on it. His estimate was based on numerous assumptions about the quality of the food that was served, the size of the servings, etc. He acknowledged that there could been a great deal of variation in the price of the meal, depending on the eating habits of a particular family, and admitted that he had not particular knowledge about the Williams family. We will, therefore, not disturb the trial judge's finding as to the value of the meals.

SPECIFICATION OF ERROR NO. 6
In his written reasons for judgment, the trial judge noted that plaintiff continues to suffer from pain as a result of her injury. Plaintiff testified that she cannot move about or perform even the simplest tasks in her home without suffering pain, which she described as intolerable. Her testimony, which was corroborated by the testimony of her daughter, is consistent with the medical evidence that was presented.
A workmen's compensation claimant is totally and permanently disabled if he or she is suffering from real and substantial pain which disables him or her from engaging in any gainful occupation for wages. Rachal v. Highlands Insurance Company, 355 So.2d 1355 (La.App.3rd Cir. 1978), writ denied 358 So.2d 645 (La.1978); Phillips v. Dresser Engineering Co., 351 So.2d 304 (La.App.3rd Cir. 1977). Accordingly, we reject defendant's contention that the disability found by the trial judge should be only partial rather than total.

SPECIFICATION OF ERROR NO. 7
Defendant's objection to the trial court's award of attorney's fees is directed to the amount of that award. It argues that the award of $5,000.00 is not commensurate with the time and effort required of plaintiff's attorney. A similar objection was rejected by this court in Fontenot v. Town of Kinder, supra, wherein we stated:
"The trial court assessed $5,000.00 against Zurich as an award for plaintiff's attorney's fees. Counsel for Zurich argues that the award is excessive because the amount of time spent by and the degree of skill required of plaintiff's counsel to prosecute this case was minimal. While such factors may be considered by the trial court when fixing attorney's fees, they do not limit the exercise of the judge's discretion. When attorney's fees are awarded as a result of arbitrary nonpayment of benefits, such *1072 an award is deemed to be a penalty and the value of the attorney's fees need not be proven. Trahan v. Rockwood Insurance Company, 284 So.2d 659 (La.App.3rd Cir. 1973). We do not think the trial court abused its discretion in awarding $5,000.00. Similar awards have recently been affirmed by the Courts of Appeal in this state. Wactor v. Gurtler Hebert Construction Company, 343 So.2d 383 (La. App.4th Cir. 1977), writ denied 345 So.2d 59 (La.1977); Fazande v. Continental Grain Company, 363 So.2d 1253 (La. App.4th Cir. 1978); Dement v. International Paper Company, 363 So.2d 952 (La. App.3rd Cir. 1978); Carmouche v. Haynes Lumber Company, Incorporated, 378 So.2d 466 (La.App.3rd Cir. 1979)."
That reasoning is clearly applicable to the instant case. The trial court's award of attorney's fees is, therefore, affirmed.
For the above reasons, we find that plaintiff is entitled to benefits for total and permanent disability in the amount of $69.00 per week, based on the following figures:

(1) Payment for services to the
 Williamses $55.00
(2) Payment for services to Francois
 Mignon 21.50
(3) Meals 18.00
(4) Transportation 9.00
 _______
 Total $103.50
 Compensation rate: 66 2/3% of $103.50 = $69.00

Accordingly, we amend the judgment to reduce the amount of plaintiff's weekly benefits to $69.00. In all other respects, the judgment is affirmed.
All costs of this appeal are assessed to the defendant-appellant.
AMENDED AND AFFIRMED.
NOTES
[1] In plaintiff's original petition, defendant was erroneously named "Equitable General Insurance Company".