528 So.2d 691 (1988)
James Aaron WINSTEAD, Appellant,
v.
Paul WATSON, Appellee.
No. 19641-CA.
Court of Appeal of Louisiana, Second Circuit.
May 4, 1988.
Stephen G. Dean, Winnsboro, for appellant.
James W. Berry, Rayville, for appellee.
Before JASPER E. JONES, SEXTON and NORRIS, JJ.
NORRIS, Judge.
On October 21, 1986 plaintiff, James Aaron Winstead, was struck by the defendant, Paul Watson. Winstead was unconscious for approximately five minutes following the assault. Winstead was treated at the Richland Parish Hospital emergency room, where it was discovered that he had two fractures in the mandible (lower jaw), memory loss, dizziness, nausea, severe weakness, multiple loose teeth and minor lacerations inside the mouth.
Winstead was admitted to the hospital where he was treated for severe concussion, his teeth were surgically wired together, and he received intravenous antibiotics for a thickened left maxillary sinus. He was discharged October 24, 1986, and ordered to remain on a pureed diet and take Keflex and Naldecon.
Winstead continued to seek medical care from November 7 through December 5. During this time he lost 25-½ pounds and suffered occasional dizziness, memory loss and headaches that gradually diminished in frequency. On November 21, he discontinued the Keflex. On December 5 his bands were removed and braces were placed on his teeth. At that time the jaw fractures were healing well; the memory loss and headaches were predicted to become normal within three months; but there was a danger that two of his front teeth could die and require root canals at a future date. Winstead had incurred a total of $5,192.31 in medical expenses and lost wages as of the trial date.
In his petition filed October 28, 1986, Winstead prayed for $75,500.00 in damages. On December 18, 1986 plaintiff's default judgment was confirmed but apparently set aside upon defendant's motion for new trial. The case was submitted to the trial judge on stipulations, exhibits and the record. The facts were not in dispute and the only issue was that of quantum. The trial judge awarded Winstead $5,192.31 in special damages and $5,000 for pain, suffering, humiliation and future medical expenses. Plaintiff appeals, arguing that the general damage award of $5,000 is abusively low.
Before the trial court award may be characterized as inadequate or excessive the reviewing court must look to the facts and circumstances peculiar to this case and this individual. The initial inquiry is whether the trial court's award for the particular injuries and their effects upon *692 this particular injured person is a clear abuse of the trier of fact's much discretion in the award of damages. Reck v. Stevens, 373 So.2d 498 (La.1979).
Here, the record reveals that the plaintiff was struck "blindside" by the defendant; fault is not disputed. As we detailed above, the plaintiff's injuries and suffering were extensive. The major injuries he received were a cerebral concussion, two fractures in the lower jaw, and traumatic opacification of the left maxillary sinus. Winstead was knocked unconscious for five minutes, hospitalized for three days, had his jaws wired shut, was kept on a diet of pureed foods for almost a month and a half, during which time he lost at least 25-½ pounds, was required to wear braces "for some length of time," and may have to undergo root canal surgery as a result of the injuries. Winstead suffered loss of memory, dizziness and headaches, from which he was not expected to recover until 4-½ months after the assault.
In light of the extensive injuries inflicted by defendant's violent assault, and the pain and suffering experienced by the plaintiff, we conclude the trial court abused its great discretion by making a general damage award of $5,000.
Now that we have determined that the trial court abused its discretion in making an insufficient award, we look to prior awards in similar cases to determine what would be an appropriate award for the present case, bearing in mind that we can only raise the insufficient award to the lowest point reasonably within the discretion afforded the trier of fact. Reck v. Stevens, supra; Greer v. Ouachita Coca-Cola Bottling Co., 420 So.2d 540 (La.App. 2d Cir.1982). Our review of similar cases[1] shows that the lowest amount the trial court could reasonably have awarded was $10,000, and we raise the award for general damages to $10,000.
The judgment is amended to read as follows:
IT IS ORDERED that judgment is hereby rendered in favor of the plaintiff, JAMES AARON WINSTEAD, and against the defendant, PAUL WATSON, in the amount of FIVE THOUSAND ONE HUNDRED NINETY-TWO and 31/100 ($5,192.31) DOLLARS as special damages and TEN THOUSAND AND NO/100 ($10,000.00) DOLLARS for pain, suffering, humiliation and future medical expense for a total expense FIFTEEN THOUSAND ONE HUNDRED NINETY-TWO AND 31/100 ($15,192.31) DOLLARS, plus judicial interest from the date of judicial demand until paid in full, and all costs of this matter.
Costs of the appeal are assessed to the appellee.
AMENDED AND AFFIRMED.
NOTES
[1] The cases we have reviewed include Lampkin v. Brooks, 498 So.2d 1068 (La.1986), in which plaintiff had a broken jaw and several shattered facial bones, underwent hospitalization for three days, could eat no solid food for six weeks and had facial scars, as well as blurred vision plus facial numbness, and was awarded $20,254.60 general damages; Johnson v. McKay, 306 So.2d 417 (La.App. 3d Cir.1975), where plaintiff, who had an irregular laceration of the chin, fractures of several teeth and the jaw, loss of four teeth, and would need extensive dental care, was awarded $18,000 general damages; Titard v. Lumbermen's Mutual Casualty Co., 291 So.2d 857 (La.App. 3d Cir.1974), in which the plaintiff suffered four slight facial fractures, a slight nasal bone fracture, a ten-day hospital stay, numbness and spitting blood for two months, and headaches for 18 months, and was awarded $10,000 general damages; Christy v. City of Baton Rouge, 282 So.2d 724 (La.App. 1st Cir.1973), writ denied 284 So.2d 776 (La.1973), in which plaintiff had a fracture of the distal portion of the nasal bones, a fracture of the left infraorbital ridge with extension of maxillary sinus and involvement of left zygoma at the junction with the maxillary bone, and a fracture of the front teeth, and was awarded $12,000 in general damages.